NEW-YORK,<br>Nov. 1808.<br>Jackson<br>v.<br>Seaman.

Judgment for the plaintiff.

## Jackson, *ex dem.* Hornbeck and others, *against* Seaman.

THIS was an action of *ejectment*, for lot no. 64. in the town of *Aurelius*, in the county of *Cayuga*. The cause was tried before Mr. Justice *Spencer*, at the *Cayuga* circuit, the 2d *July*, 1808.

The plaintiff produced in evidence, letters patent, dated the 3d *September*, 1805, reciting, that by letters patent, from the people of the state of *New-York*, dated the 29th *April*, 1791, 1,000 acres of land were granted to *Benjamin Hornbeck*, and four others, as tenants in common, which land had since been found to be included in land ceded by the state of *New-York* to the commonwealth of *Massachusetts ;* and that by the report of the attorney-general, the 1st *January*, 1798, the lots so reserved and not appropriated to make up such deficiencies before that time, being held to be unappropriated lands, and to be disposed of as such, pursuant to the acts of the legislature. A person in possession of such a lot, against whom an action of ejectment was brought by a patentee, was held not entitled to any compensation for his improvements on the land.

The commissioners of the land-office, had a right to grant certain lots of land reserved by the act of the 8th *February*,1789, to make up certain deficiencies therein mentioned, where application for a compensation for such deficiency was not made on or before

NEW-YORK,  made the 6th *October*, 1802, each of the patentees was
Nov. 1808.  entitled to a patent for 200 acres, in severalty, in restitu-
Jackson     tion of an undivided part of the said 1,000 acres of land
v.          before granted to them in common; and that *Benjamin*
Seaman.     *Hornbeck* being deceased, they therefore granted unto
the lessors, being the executors and legal representatives
of *Benjamin Hornbeck*, deceased, 200 acres of land to be
laid out in a square, as nearly as might be, in the north-west
corner of lot no. 64. in the township of *Aurelius*, in the
military tract, &c.

It was admitted that the town of *Aurelius*, in which the
premises in question are situated, is a part of the military
tract, and was erected into a town prior to the 6th of
*April*, 1796, and that the premises in question are a part
of one of the four lots reserved by the 6th section of the
act of the legislature, entitled, " An act to appropriate
the lands set apart for the use of the line of this state,
lately serving in the army of the *United States*, and for
other purposes therein mentioned," passed the 8th *Febru-
ary*, 1789, to satisfy the surplus shares of non-commis-
sioned officers not corresponding with the division of 600
acres, and to compensate such persons as might by chance
have drawn any lot or lots, the greater part of which
might be covered with water.

On the part of the defendant it was contended, that
by the act of the legislature, entitled, " An act supplemen-
tary to an act, entitled an act authorising the surveyor-ge-
neral to ascertain the eastern boundary line of the lands
ceded by this state to the commonwealth of *Massachusetts*,
and for other purposes therein mentioned," passed the 6th
*April*, 1796, the commissioners of the land-office had no
right to issue the letters patent to the lessors of the plain-
tiff, for the premises in question. The defendant's coun-
sel offered also to produce, and read in evidence, an act
of the legislature, entitled " An act for the sale of the
unappropriated lands, and for other purposes," passed
the 6th *April*, 1803 ; and to prove further that the de-
fendant was in possession of the premises, prior to the 6th

*April,* 1803, and had made improvements thereon, since that time, to more than the value of 25 dollars, but this evidence was objected to, and overruled by the judge.

The jury found a verdict for the plaintiff, subject to the opinion of the court, on a case, containing the above facts, with liberty for the defendant to enter a judgment of nonsuit, in case the court should be of opinion that the plaintiff was not entitled to recover.

*Kellogg,* for the plaintiff.

*Richardson,* for the defendant.

THOMPSON, J. delivered the opinion of the court. The lessors of the plaintiff claim title to the premises in question, under a patent to them, bearing date the 3d *September,* 1805, for 200 acres of land, in lot no. 64. in the town of *Aurelius,* in the military tract. It was admitted on the trial, that the premises were a part of one of the four lots reserved by the 6th section of the act of the legislature of this state, entitled " An act to appropriate the lands set apart to the use of the troops of the line of this state, lately serving in the army of the *United States,* and for other purposes therein mentioned," passed the 8th *February,* 1789. (*Greenleaf's* ed. v. 1. p. 284.) These lots were reserved for the purpose of making up certain deficiencies designated in the act. The objection taken on the part of the defendant, to the operation of the patent, is, that the commissioners of the land-office were not authorised by law to appropriate this land, in the manner they have done by this grant. The objection does not appear to us to be well taken. By the act of the 24th of *March,* 1795, (*Greenleaf's* ed. v. 3. p. 200.) provision is made for restitution to persons to whom lands had been granted, which fell within the tract previously ceded by this state to the commonwealth of *Massachusetts.* The lessors of the plaintiff are persons of this description ; and other lands in lieu thereof, were to be granted to them out of any unappropriated lands within this state. It is said, however, that the land contained in this patent was appropriated to the objects mentioned in the act of *February,* 1789. By this

NEW-YORK,  act no time is limited within which the deficiencies should
Nov. 1808.  be ascertained.    But by an act of the 11th *April*, 1799,
Jackson     (*Greenleaf's* ed. v. 3. p. 351.) no compensation for any
v.          deficiency was to be made, unless application for the same
Seaman.     was made on or before the 1st *January*, 1798.    All these
reserved lots, not appropriated to make up such deficien-
cies, previous to that time, would, of course, become un-
appropriated lands.  And by an act of the 11th *April*, 1804,
(27th sess. ch. 3.) these reserved lots are expressly de-
clared to be unappropriated lands.

Admitting the plaintiff's right to the land, the defendant
claims compensation for the improvements, under the 8th
section of the act of the 11th *April*, 1803. (26th sess. ch.
106.)   If the commissioners of the land-office had a right
to issue a patent to the lessors of the plaintiff, in the man-
ner they have done, this is not a case coming within the
act under which compensation for improvements is claimed.
This provision applied only to cases where the sales were
made under that act, and the improvements were to be
ascertained and paid for, before the letters patent were to
be issued.   In the present case the patent was not issued
under the authority of the act of the 6th *April*, 1803, and,
of course, none of the provisions relative to a compensa-
tion for improvements, are applicable.

The Court are, therefore, of opinion, that the plaintiff
is entitled to judgment.


                                Judgment for the plaintiff.