## BOGART *vs.* BURKHALTER.

The execution and delivery of a deed by the vendor, pursuant to an executory contract for the sale of land, does not extinguish the agreement on the part of the vendee.

Where the vendor agreed to sell a building lot to the vendee, who was to pay a part down, and the balance by a day named, when the vendor was to give him a deed, and the vendee agreed to erect a brick dwelling house on the premises, and that he would not erect thereon any building which should be a nuisance to the vicinity ; it was held, on demurrer to the declaration, that the vendor, after he had conveyed the lot to the vendee pursuant to the agreement, could maintain an action against him for a breach of the agreement to erect a dwelling house, and for erecting a nuisance.

DEMURRER to declaration. The action is assumpsit, and the declaration contains four counts. The first sets out that on the 9th of June, 1843, the defendant, in consideration that the plaintiff would sell and convey to him, by warranty deed, a building lot in the city of New-York, which is described, for the sum of $2850, promised the plaintiff that he would erect on the lot a good brick dwelling house, to be occupied as such, and would not erect thereon any building to be occupied in any manner that would be a nuisance to the vicinity of the premises. The plaintiff avers that he did afterwards, to wit, on, &c. at, &c. convey to the defendant the lot in question, by a warranty deed. Breach, that the plaintiff hath not erected on the lot a good brick dwelling house, to be occupied as such, and that he has suffered a bake house to be erected on the lot, and suffered it to be occupied in a manner which rendered it a nuisance to the vicinity of the premises.

The second count stated the plaintiff's seizin of the lot, that the defendant being desirous of purchasing it, entered into a written agreement with the plaintiff, dated June 9, 1843, by which the parties agreed that the plaintiff should sell the lot to the defendant for $2850—a part down, (which was acknowledged to have been paid,) and the balance, with interest, on the 1st day of July then next, when a good warranty deed should be given

by the plaintiff to the defendant. The defendant's agreement to erect a house and not to erect a nuisance, was stated as in the first count. General averment of performance by plaintiff of every thing to be done on his part. Breach, substantially as in the first count. The third and fourth counts were like the first and second, except that the defendant's agreement, as stated, was to erect the house within a reasonable time; and in the breach it was averred that a reasonable time had elapsed. Demurrer and joinder. The ground of demurrer stated is that, by the execution of the deed, the defendant's agreement to build, &c. became void; and that the executory agreement in all its parts, was merged in the deed.

*E. L. Fancher,* for the defendant, cited *Houghtailing* v. *Lewis,* (10 *John. R.* 298;) *Howes* v. *Barker,* (3 *id.* 508;) *Pattison* v. *Hull,* (9 *Cowen,* 747;) *Falconer* v. *Garrison,* (1 *McCord's R.* 209;) *Gibson* v. *Watts,* (1 *McCord's Ch. R.* 105.)

*Tucker & Crapo,* for the plaintiff.

*By the Court,* JEWETT, J. The demurrer must be overruled. The defendant assumes that the declaration shows that his promises have been performed. In this I think he is in an error. The agreements counted upon show mutual promises: on the one side the plaintiff agreed to sell and convey a certain lot of ground to the defendant by a specified day, and by a particular kind of deed: on the other the defendant agreed to pay a certain sum of money on a certain day to the plaintiff, and to erect a brick dwelling house on the premises, to be occupied as such, and that he would not erect any building to be occupied in any manner that would be a nuisance to the vicinity of the premises. The declaration containing suitable allegations of the plaintiff's performance of the agreement on his part, assigns a breach that the defendant had not erected a good brick dwelling house, to be occupied as such; but on the contrary had suffered and permitted a bake house to be erected thereon, and to be occupied in a manner that is a nuisance to the vicin-

ity of the premises. Suppose the *breach* had been, that the defendant neglected to pay the money which he agreed to pay, would the giving the deed be deemed a performance on the part of the defendant of his part of the contract? That is what is contended for by the demurrer. The counsel for the defendant has cited several cases, which he urges sustain the demurrer in this case. The leading case cited, is *Houghtailing* v. *Lewis*, (10 *John. R.* 297.) It was thus: the defendant, by articles of agreement between him and the plaintiff, dated September 23, 1809, for the sum of $2000 covenanted to convey to the plaintiff, by the 1st day of April then next, a certain farm, which he covenanted should contain no less than fifty-eight acres of land. That the defendant, within the time limited pursuant to the articles of agreement, executed a warranty deed of the premises (describing them) to the plaintiff; and the breach assigned was that the land conveyed did contain less than fifty-eight acres. Defendant plead that the deed mentioned in the plaintiff's declaration, as executed by defendant, was executed and delivered in full *performance, satisfaction* and *discharge* of his covenant, and was *accepted* by the plaintiff as such. The plaintiff took issue on this plea by replication. The *plea* was supported by proof, and judgment given for defendant. We are referred to several sentences in the opinion of Thompson, J., in delivering the opinion of the court in that case, which are supposed to be decisive of this case; for instance, the judge says, "articles of agreement for the conveyance of land are, in their nature, executory; and the acceptance of a deed, in pursuance thereof, is to be deemed *prima facie* an execution of the contract, and the agreement thereby becomes void and of no further effect." That is, the defendant had agreed to convey, by deed, a lot of land to the plaintiff by a day limited, which he covenanted contained not less than fifty-eight acres, and had, by that day, executed and delivered such deed in satisfaction and discharge of his covenant, and which was accepted as such by the plaintiff; this was held to be an *execution* of his contract, although it afterwards appeared that in fact the piece of land contained only fifty-five acres. I do not see the application of the principle decided in

that case, to the one under consideration. It is not there decided that the performance of a contract by one party to it, is in judgment of law a performance by the other. And *that* is the point in this case to be established to sustain the demurrer.

The plaintiff must have judgment on the demurrer with leave to defendant to amend on the usual terms.