MORRIS *et al. v.* WHITCHER.

Where a deed has been given in pursuance of a preliminary contract. for the sale of land containing stipulations of which the conveyance itself is not a performance, it is a question of *intention,* whether the parties have surrendered those stipulations.

In the absence of all proof there is no presumption that either party intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction.

A stipulation in the executory contract that the vendor should retain possession for a specific period, *held,* not merged in or extinguished by the conveyance, but admissible in evidence to qualify its operation, and to defeat an action for the possession by a subsequent grantee with notice.

APPEAL from the Supreme Court. Action to obtain possession of land. On the trial before Mr. Justice GREENE, a jury being waived, at the Wyoming Circuit, the plaintiffs proved a conveyance of the premises in question by the defendant to one Andrews (who subsequently granted to them) by deed, dated October 23, 1854, containing the usual covenant of warranty for quiet possession. The deed from Andrews to the plaintiffs was dated November 21, 1854, and reserved the possession to Andrews until April, 1855. This action was commenced April 4, 1855. The defendant proved and read in evidence sealed articles of agreement between the defendant and Andrews, dated October 19, 1854, by which the former agreed to sell to Andrews the land in controversy for $2,200, and also a stock of merchandise at its original cost price, the amount to be ascertained by an inventory. For the merchandise Andrews was to give six notes, one payable in each successive month; and it was further stipulated that the defendant was "to have the privilege of remaining upon the premises as late as the first day of April next, and until the first day of May next, if the last note is not paid before that time," and to use the premises in a good and careful manner, as

though they were his own, while he remained upon them. The defendant then offered to prove—and the evidence being excluded took an exception—that the goods were delivered, the notes made and that the last note had not been paid when this action was commenced; and further that the plaintiffs were informed on their purchase that the defendant had been and was in possession under the aforesaid agreement, and had a right to remain until the first day of May then following, if the last note should not be paid. The judge directed a judgment for the plaintiffs, which having been affirmed at general term in the eighth district, the defendant appealed to this court. The cause was submitted on printed arguments.

*L. W. Thayer*, for the appellant.

*H. L. Comstock*, for the respondent.

COMSTOCK, J. In the articles of agreement dated October 19, 1854, the defendant covenanted to convey certain real estate, including the premises in question, to Andrews, for the price of $2,200, of which $1,000 was to be paid down, and the residue was to be secured by bond and mortgage on the same real estate. These provisions alone would require the deed to be given, and the payments to be made and secured immediately, or without any unreasonable delay. The same agreement, however, provided for the sale of a store of goods at cost prices, to be paid for in six notes running from one to six months. The defendant agreed to proceed with the inventory of those goods as early as the 23d October, 1854, and from that clause, and another in the same connection, it may be inferred that the deed was to be given as soon as that inventory was completed, so that the whole contract might be consummated at one time. It is only material to observe, in reference to time, that the contract was to be presently consummated by a conveyance of the land and the performance of the other acts specified. This is of some importance, when we come to consider the effect of the conveyance upon the

Morris *v.* Whitcher.

clause in the agreement allowing the defendant to retain the possession until the first of April, and contingently until the first of May following. As the deed was to be presently given, that clause plainly contemplated that the defendant should have possession for a time afterwards, and notwithstanding the deed.

It is next material to observe that the clause concerning the possession amounted to a covenant on the part of Andrews that the defendant should be allowed to remain in the occupancy of the premises until the time specified. The agreement being signed and sealed by both parties, both were bound by its various stipulations. The language of the clause in question is: "The party of the first part to have the privilege of remaining upon the premises until," &c. These are not, it is true, formal words of covenant, but according to all authority not less than principle, they are such in construction and legal effect. (*Platt on Covenants*, 28–31.)

The deed was actually given four days after the date of the contract of sale; and on the trial it was offered to be proved that afterwards the defendant continued for several months, and up to the time of the commencement of this suit, to occupy the premises under and in pursuance of the executory agreement. It seems that the plaintiff, having purchased the premises of Andrews, disregarded that agreement, although informed of it, and brought this ejectment in violation of its terms. But the proof offered would be decisive to show that the parties to the contract considered the covenant for possession to be retained by the vendor, as still in force, notwithstanding the deed. At all events, if the vitality of that covenant could depend in any degree on the intention which the parties had when the deed was given and accepted, the evidence should have been received and the intention passed upon.

The case then is this: The defendant agreed to convey land to Andrews by a deed, to be given immediately or within a few days. Andrews, in the same agreement, covenanted that the defendant might remain in possession of the same land for

some six months.  The deed was given according to the contract, neither of the parties intending that the covenant of Andrews should thereby become extinct, or understanding that such was its effect.  The plaintiff bought the premises of Andrews, having notice of the fact, and then, in opposition to the covenant, brought this suit to recover the possession.  If that stipulation or covenant remained in force after the deed was given, it is plain the action cannot be maintained.  It did remain in force unless it became extinct by some legal or logical necessity in opposition to the actual intention of the parties.  I do not question that the parties might, at the time the conveyance was given or at any other time, by their own act, cancel and annul this stipulation.  They might erase it from the contract, or destroy the contract itself.  But none of these things were done.  On the contrary, the evidence given or · offered to be given proved conclusively, or certainly tended to prove, that the parties understood and intended that the stipulation should be literally performed.

What then has become of the stipulation?  It becomes necessary, in order to sustain the action, to find some rule of law or logic, according to which such a covenant cannot co-exist with an absolute deed given by the person entitled to its benefits to the person who is bound by it.  But no such rule can be found.  On the contrary, it needs only to be stated in order to be universally admitted that any two persons may have separate interests in the same land.  One may have the fee evidenced by an absolute deed, and another may have the right to occupy for a particular period.  Those persons may be the grantor and grantee of each other, and as their separate interests may co-exist, so of necessity may the instruments by which those interests are created or assured.  In this case, if Andrews at the very time of the conveyance had given back to the defendant a collateral writing, allowing the latter to retain the possession until the first of May following, no one would hesitate to yield full force and effect to that stipulation.  Its terms would certainly be in opposition to the deed, but that opposition would not even suggest a doubt as to the

result of the transaction. The deed and the estate thereby created would be subject to the qualification expressed in the collateral instrument. This proves, and I am sure no argument can make it plainer, that two instruments of this nature between the same parties and relating to the same land may co-exist: and this conclusion manifestly is not affected by the order of time in which the two instruments are executed. If the collateral writing has had an antecedent existence, that circumstance may suggest some other inquiries, but it has nothing to do with the legal possibility of the deed and the writing which qualifies its effect being in force at the same time. There being no legal difficulty in the way of that result, it follows that the result must take place, unless the antecedent agreement has been performed according to its terms, or satisfied in some other way, or canceled by the act of the parties.

There is no pretence that the covenant of Andrews with the defendant has been performed. The conveyance by the defen-- dant was a performance merely of his own agreement that he would convey. The covenant of the other party could, in the very nature of the case, only be performed by suffering the defendant to remain in possession of the premises during the whole specified period; and that had not been done at the commencement of this suit. Nor can there be any pretence that the covenant has been satisfied in some other mode and by some other thing accepted instead of a literal performance. On the contrary, it appears that while the defendant was enjoying the possession under and according to the stipulation, this ejectment was brought in direct violation of its terms. He had received nothing else for the covenant, and it remained unsatisfied. Nor had it been canceled by any act of the parties intended to have that effect. To say that it has been, is not only to assert without proof, but, as already shown, in opposition to the proof offered at the trial.

Other theories have sometimes been urged in cases of this nature. It has been said that all negotiations between the parties prior to or cotemporaneous with the execution of a

deed are merged in the deed; and in one reported case this doctrine seems to have been considered fatal to all antecedent stipulations of whatever nature. (*Carr* v. *Roach*, 2 *Duer*, 24, *per* CAMPBELL, J.) But there is no such doctrine except the very elementary one involved in that rule of evidence which excludes parol negotiations and understandings, where the contract is reduced to writing. That rule has nothing to do with this question. The right which the defendant asserts was awarded to him by a plain stipulation in writing, the proof of which involves no violation of any one of the rules of evidence.

Again it is said that an executory agreement for the sale of lands is always satisfied and performed when the conveyance comes to be made. It needs no argument to prove that a simple covenant to convey is performed by a conveyance. The obligation being thus satisfied, that is the end of it. But it is just as plain, both in common sense and in law, that covenants which relate to other things than a mere conveyance are not thus performed or satisfied. Especially it would seem to be a self-evident proposition, that the performance by the vendor of his antecedent covenant to convey is not a performance of a different covenant, contained in the same instrument on the part of the vendee, and so it was held in *Bogart* v. *Burkhalter* (1 *Denio*, 125). In that case the vendee had covenanted in the preliminary articles that he would erect a brick dwelling, and would not erect a nuisance on the premises. The vendor conveyed; and it was claimed, as it is here, that the deed satisfied the previous contract in all its parts. The contrary was very explicitly held, and the covenants of the vendee were decided to be in full force. The case of *Witbeck* v. *Waine* decided by this court (16 *N. Y.*, 532), is perhaps still stronger, because it was there held that the vendor's own covenant, relating to the quantity of land to be conveyed, was not extinguished by his deed given in pursuance of the articles. In cases of that particular class I think there would be no difficulty in satisfying the covenant by giving and accepting a deed for the land estimated in gross, such being the intention

and each person taking the chance of receiving an advantage by that change in the contract. Nothing beyond this was involved in the early cases in this State. (*Howes* v. *Barker*, 3 *John.*, 506; *Houghtaling* v. *Lewis*, 10 *id.*, 297), which perhaps have not been always understood in later times. But in *Witbeck* v. *Waine* we held that such was not the effect of the deed, although the consideration was expressed in a gross sum, and the land was conveyed as so many acres "more or less." The deed no doubt *prima facie* imported a change in the contract of the parties, such as they could unquestionably make But the intention to keep the covenant alive being manifest from the proof, it was determined that there was no rule of law or reason which demanded its extinction, and full effect was given to it accordingly.

In all cases then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the evidence will be decisive. If not so expressed, the question is open to other evidence, and I think in absence of all proof there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction. There are remarks of judges, in cases which need not be particularly referred to, which seem in their result to deny the possible co-existence of a deed and of a collateral writing which qualifies its effect, especially if the collateral writing be made before the deed. But I have shown, I trust, that there is no such rule as observations of that nature would appear to suggest.

The judgment must be reversed, and a new trial granted.

SELDEN, J., was absent; all the other judges concurring,

Judgment reversed, and new trial ordered.