Johnson, J.
1. The bill of exceptions does not purport to contain all the evidence. John P. Reed’s evidence on certain points only is set out, and it is stated that “ this was all the evidence on those points.” “ And thereupon, after other testimony was given on other points not mentioned herein,” the jury brought in a verdict, etc. In this state of case it is well settled we can not review the findings upon the evidence.
2. As to the admissibility of certain questions and answers in the testimony of John P. Reed.
The plaintiff had put her husband on the stand, and he had testified to facts supposed to be material to her action, especially to show that he owed her at the time he bought the land and had'the deed made to her; that she paid him *288 for the land by this debt in part, and balance in cash about one year afterward. On cross-examination, he was asked whether he was not at that time largely indebted to others, and under objection by plaintiff the witness answered: “I was not indebted at the time fifty dollars, except that I was bail oh an old judgment, and what I owed my wife.”
We think, on cross-examination, this question and answer were admissible, either to test the credibility of the witness or to lay the foundation for his impeachment, if for no other purpose.
Objection is also taken to the remark of the court in hearing of the jury as a reason for admitting the question, “ that it was competent for the jury to inquire whether the deed in question was made to the plaintiff' to defraud creditors of John P. Reed.”
The defendant had set up facts which, if true, made the plaintiff' only a nominal vendee, the realone being her husband, John P. Reed. The averment was that the deed was made to her for her husband’s convenience, and that she neither paid nor agreed to pay anything, and that she held the title subject to the terms of the prior written contract, the same as if the deed had been made to her husband.
This was put in issue, and to maintain that issue on his part it was competent for Sycks to show, by her own witness, .whether she was a bona fide holder for value, or whether this matter set up in avoidance of the defense was a sham.
That preliminary issue was important to the controversy. If she was a bona fide holder of the title for value as she claimed, freed from the covenants of her husband to discharge this incumbrance, then she could recover for a breach of Sycks’ covenants.
If,, however, she was only a nominal party — the holder of the naked legal.title for the “ convenience ” of her husband (as the jury by their verdict found) — then whatever was a good defense as against the real party — her husband —would be good against her. It was a transaction between husband and wife, clouded with suspicion by reason of its *289 surroundings, and if it could be shown that the husband procured the deed to be made to her for his “ convenience,” perhaps in defrauding creditors, and not as she claimed and as he had testified, it was pertinent to the issue and within the province of the case.
The remark of the court was explanatory of this issue, and was merely giving a reason for the decision.
3. On further cross-examination, John P. Reed was asked how he was to pay the balance of the purchase money to George Sycks. This question was objected to, as the answer might tend to contradict the covenants of the deed, but the court allowed it, and permitted him to testify to the contents of the prior written contract, which was admitted to be lost. The plaintiff objected to this as against her rights.
If the defense founded on this prior contract was good as against the plaintiffs, and was lost, then it was competent to prove its provisions by any competent witness, and on cross-examination of the witness it was further competent to ask him any question touching his examination-in-ehiof that would test his credibility.
4. It is further assigned that the judgment is contrary to law upon the facts disclosed by the record. That fact is established by the verdict of the jury, that the plaintiff was only a nominal party to the deed, and that John P. Reed, her husband, was the real party in interest. This being so, equity would treat her as the trustee for her husband, holding the naked legal title, and would permit the covenantor to make auy defense as against her that could be made against her husband, who was also a party to the action.
This brings us to the main question in the case : Was it a good equitable defense to an action for breach of covenant on the deed against incumbrance to set up this prior contract, which contained a covenant that the vendee should pay off the prior incumbrance ?
The covenant in Sycks’ deed, that the land was free from *290 incumbrance, was not true in fact, and was broken as soon as made; and upon the deed considered alone he was liable on eviction for the damages.
Can he avoid this liability by showing that at the time the covenantee was bound by a written obligation to remove that incumbrance as part payment for the land ?
The proof offered was to establish the provisions of the lost contract, and was not á contradicting of the deed by parol.
What effect that contract was to' have when established on the pending action was a different question, and is now fairly presented. This original contract is the foundation of the rights of both vendor and vendee. The covenants were mutual, the one to pay for the land, the other to convey it.
By the failure to pay the purchase money the vendee was' evicted. If this covenant to pay was a subsisting obligation of the vendee, then there is no good reason why it is not a good defense to show its breach by the vendee - as the real cause of the eviction. That it was a subsisting obligation, unless the deed operated in some way as a satisfaction, is evident. The deed was the execution by Sycks of his covenants. It in no way barred an action for the purchase money. A vendor’s lien, notwithstanding there are covenants that the land is free from incumbrance, may be enforced against a vendee.
The obligation to pay the purchase money was not merged by the deed, which was only in performance on the vendor’s part. This deed is to be considered part of the transaction, in connection with, and not to the exclusion of, the the title bond.
Both papers are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract. An executory agreement for the sale of lands is not satisfied and performed when the deed is made. The covenant to convey is performed by the conveyance: but covenants relating to other things than a mere conveyance are not thus performed or satisfied.
*291 The performance by the vendor of his antecedent covenant to convey is not a performance of a different covenant by the vendee. Bogart v. Burkhalter, 1 Denio, 125.
In Witbeck v. Waine, 16 N. Y. 532, it was held that a vendor’s covenant in the agreement, as to the quantity of the land to.be conveyed, was not extinguished by his deed given in pursuance of the articles.
In all cases of stipulations in a preliminary contract for the sale of land, of which the deed is not a performance, the true question is, whether the parties have surrendered those stipulations. This is a question of intention of the parties. The evidence of that intention may exist in or out of the deed.
There is no presumption that a party, in giving or accepting a deed, intends'to give up the covenants of which the deed is not a performance or satisfaction. Morris v. Wilcher, 20 N. Y. 41; Dillingham v. Estill, 3 Dana, 21.
In the case at. bar, the verdict and judgment below is conclusive that this written contract of sale was a subsisting obligation so far as not performed or satisfied.
As a matter of law, we hold that the vendor’s covenant to convey was satisfied by the conveyance to the wife of the vendee, at his instance and for his convenience; but that the covenants of the vendee to remove the prior incumbrance were not performed, satisfied, or surrendered thereby, and were properly interposed as a bar to this action.

Judgment affirmed.

Scott, Chief Judge, Day, Wright, and Ashburn, JJ., concurred.