METROPOLITAN LIFE INS. CO. *v.* HALL *et al.*, (seven cases.)

(*Supreme Court, General Term, Second Department.*  May 12, 1890.)

1. CONTRACTS—BUILDING CONTRACTS—SUBSEQUENT PURCHASERS.
    An agreement for a builder's loan, which provides that mortgages to be executed as security for the loan may be foreclosed if work on buildings to be erected on the mortgaged premises shall be unreasonably delayed, is valid between the parties and subsequent purchasers and mortgagees with notice of its existence.

2. SAME—MERGER.
    Such an agreement does not merge in the mortgages subsequently executed, where the making of those instruments was in execution of a part only of the agreement, and there is no evidence of an intention to extinguish the agreement by the execution and delivery of the mortgages.

Appeal from judgment on report of referee.

Action by the Metropolitan Life Insurance Company against Wilson C. Hall, Asa W. Parker, and Sophie G. Parker, his wife, to foreclose a bond, mortgage, and builder's loan agreement. From a judgment entered in favor of plaintiff, the defendants Parker appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. D. Rusk,* for appellant Sophie G. Parker. *A. W. Parker,* appellant, *pro se. Arnoux, Ritch & Woodford,* (*W. H. Arnoux* and *C. N. Bovee, Jr.,* of counsel,) for respondent.

DYKMAN, J. This action was commenced to foreclose a mortgage made by the defendant Hall to the plaintiff to secure the payment of $4,000, dated September 6, 1888, payable on the 1st day of May, 1893, with interest at 6 per cent. per annum, payable semi-annually, except that $500 of the principal was due and payable at the expiration of one year. This action was commenced in April, 1889, before any portion of the principal was due, and Asa W. Parker and his wife, Sophie G. Parker, were made parties; the latter as a subsequent purchaser, and the former as a subsequent mortgagee. They both served answers, in which they admit the incorporation of the plaintiff, and the execution and delivery of the bond and mortgage, and then they state their interests in the premises, and deny knowledge of the existence of the agreement between the mortgagor and mortgagee hereafter to be mentioned. Both defendants deny that anything was due on the bond and mortgage when this action was commenced, and there was nothing due by the terms of those instruments alone. Upon the pleadings, the bond and mortgage stand as valid instruments, and prior in point of time to the lien and title of the other defendants, whose rights are subordinate to those of the plaintiff. The only question involved, therefore, is whether the action was prematurely commenced, and that depends upon the legal effect of the agreement already mentioned, and the knowledge of the defendants of its existence. When the defendant Hall made application to the company for a loan, a written contract was entered into between them which provided for a loan to him of $48,000, for which he was to execute and deliver 11 mortgages upon his property as security. Each mortgage was to be for a sum specified, and to be made payable on the 1st day of May, 1893, except the sum of $500 of each mortgage was to be payable at the expiration of one year. Then the contract provided that the work on certain buildings to be erected upon the premises should be prosecuted with diligence continuously from commencement to completion, excepting delays from inclement weather, and that the plaintiff should be at liberty to foreclose the mortgages at any time if the completion of the buildings was unreasonably delayed. The mortgage now in suit was one of the instruments executed under that agreement, and more or less money was advanced upon all of them as the work progressed upon the buildings, until there was a failure to proceed with the work in accordance with the contract, and then this action, with a number of others, was commenced to foreclose the mortgages. This action is No. 1, and it was tried before a referee, who decided in favor of the plaintiff, and the Parkers have appealed from the judgment.

There is a stipulation in the case that the other actions shall abide the event of this, with some little variation and exceptions in respect to action No. 3. The referee has found, upon evidence amply sufficient to sustain the findings, that the defendant Asa W. Parker, the husband of Sophie G. Parker, was her agent in all matters relating to the conveyance of the premises in question to her by the defendant Hall, and that prior to the execution and delivery of that deed he had actual notice of the existence of the agreement between Hall and the company, and that such agreement contained a provision authorizing the plaintiff to foreclose its mortgage if work upon the buildings was unrea-

sonably delayed; and the referee further found that the defendant Asa W. Parker knew before the commencement of this action that work upon the buildings had been unreasonably delayed, and that all work upon the same had been abandoned for nearly two months before the action was commenced. The referee also found, as a conclusion of law, that the defendant Sophie G. Parker, prior to the conveyance of the premises to her, had, through her husband, actual notice of the existence of the contract, and of its provisions, and that she was not an innocent purchaser without notice, but received the conveyance in subordination to the rights of the plaintiff under its bonds and mortgages and agreement from the defendant Hall; also that the defendant Asa W. Parker was not an innocent incumbrancer, but accepted his mortgage subject to the rights of the plaintiff under its bonds and mortgages and agreement with the defendant Hall. These findings, and the evidence upon which they are based, are rendered more satisfactory and reliable by the failure of the defendants to offer any evidence in contradiction of the testimony introduced on behalf of the plaintiff. At the close of the plaintiff's proof, it became very important to the defendants to disprove knowledge of the agreement between Hall and the company. That agreement was valid and binding and effectual between the parties, and, with notice of its existence and contents before the defendants acquired any interest in the premises, it was equally binding upon them. Parker was a perfectly competent witness to deny and disprove knowledge of the agreement, and his failure to make such proof raises a strong presumption of his inability to do so.

The review thus made shows the rights of the plaintiff to be dependent upon the three instruments executed by the defendant Hall,—the agreement, and the bonds and mortgages,—and hence it was that those three instruments were all set out in the complaint as the basis of the relief demanded. Unaided by the agreement, no action could be commenced for the foreclosure of the mortgages until some portions of the money became due by the terms of those instruments and their accompanying bonds. Those instruments are to be construed together, and they furnish the plaintiff with power and authority to foreclose the mortgages whenever the completion of the buildings was unreasonably delayed. The agreement was not merged in the bonds and mortgages, because the making of those instruments was in execution of a part only of the agreement, and there is no evidence of an intention to extinguish the agreement by the execution and delivery of the bonds and mortgages. *Morris* v. *Whitcher*, 20 N. Y. 41; *Witbeck* v. *Waine*, 16 N. Y. 532. It was the purpose and design of the parties, in the execution of the written contract, to make the right of the plaintiff to foreclose the mortgages dependent upon an event different from the expiration of the time limited in those instruments, at the election of the plaintiff, and thus make it possible to enforce the collection of the money advanced, whenever it became evident that the security was becoming insufficient. Such an agreement was perfectly legal and valid between the parties, and also against all persons who dealt with the property with notice of its existence. Hence the necessity for the proof which was introduced upon the trial to charge the defendants with such knowledge, and the finding of the referee upon that subject. The testimony and findings make the case plain for the plaintiff. Many objections were taken by the defendants during the trial, but they were all frivolous. The just and legal result was reached by the referee, and the record discloses no error. We fully concur with the opinion written by the referee, and printed in the case, and we consider further examination of the case, or any reference to authorities, useless and unnecessary. The judgment should be affirmed, with costs. All concur.