[No. 812.   Decided February 7, 1893.]

H. L. MOODY, *Respondent*, v. THE SPOKANE AND UNIVERSITY HEIGHTS STREET RAILWAY COMPANY, L. B. CORNELL, ALLAN V. GARRATT AND ROBERT ABERNETHY, *Appellants*.

CONTRACT TO CONVEY — COVENANT AGAINST INCUMBRANCES — RESCISSION.

The delivery of a deed reciting that the land conveyed is free from incumbrance, when, in fact, there is a mortgage upon it, is not a performance of a contract to convey free from incumbrance, and the grantee has the right to rescind the contract.

*Appeal from Superior Court, Spokane County.*

*Hyde, Glass & Reagan,* for appellants.
*Jones, Voorhees & Stephens,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J. — This is an action brought by respondent against appellants to recover twenty-five hundred dollars, fixed value of certain real estate, the right to recover depending upon the failure of appellants to perform a certain agreement contained in a contract made by Ella E. Tifft and William F. Tifft, her husband, of the first part, and the appellants, of the second part. The respondent sues as assignee of the Tiffts. The contract set forth the

fact that the parties of the first part are the owners in fee simple of certain lands described (which are the lands in question in this case), and the pertinent portion of the contract is as follows:

"Now, therefore, in consideration of the conveyance by the parties of the first part to the said Robert Abernethy, by deed in fee simple and free from all incumbrances, the following described property, to wit: . . . The parties of the second part hereby agree by and with the said parties of the first part to begin to construct the above mentioned street railway not later than June 1st, 1891," etc.

It is not necessary to set forth the agreement at greater length, as it is conceded that the agreement was not carried into effect by the street railway company. The deed of warranty to the lands described was given by the Tiffts to Abernethy in trust for the company, with the covenant that it was free from all incumbrances; but after the acceptance of the deed by the company it was discovered that there was an incumbrance, to wit, a mortgage for a certain sum, on the land at the time it was conveyed. This fact is not disputed by the respondent, but it is alleged in reply that at the time of the conveyance by the Tiffts, Abernethy knew of said incumbrance, and accepted the said deed with full knowledge of all the facts connected with said mortgage, and without objection thereto, and that plaintiff, at the time of the delivery of said deed by the Tiffts to said Abernethy, executed a good and sufficient release and satisfaction of said mortgage, and tendered and offered to deliver the said release to the said Abernethy, which the said Abernethy refused to accept. The record, however, wholly fails to sustain this averment. So that the question to be considered here is, was a deed with a covenant that the premises were free from all incumbrances the consideration moving the company to enter into the contract, or was it a conveyance of the land which was actually free from all

incumbrances? The court evidently took the view that it was the execution and acceptance of the deed that was the moving consideration, for it instructed the jury as follows:

"If the jury find from the evidence that, in pursuance of the aforesaid contract, Ella E. and William F. Tifft made, executed and delivered to the defendant, Robert Abernethy, a deed in fee simple and with covenants against incumbrances, to and for the lands described in the complaint, and that said Abernethy accepted the same, and that defendants did not comply with their contract with reference to the construction, equipment, maintenance and operation of the street railway in said contract provided for, and did not begin the operation of the said street railway prior to or on the first of October, 1891, then the plaintiff is entitled to recover the amount defendants agreed to pay Ella E. and William F. Tifft for the land in said contract described, even though the jury should find from the evidence that there was a mortgage on the aforesaid land at the date of the alleged deed from Ella E. and William F. Tifft to defendant Robert Abernethy, of the aforesaid land, as alleged in the answer herein."

This instruction was excepted to by the appellants, and is alleged here as error. This contention, we think, must be sustained. It is not the ordinary case of the breach of a covenant in a deed, where the remedy would be a suit on the warranty, but the respective contracts here are dependent upon each other. The deed was made in consideration of a separate instrument in writing entered into between the grantor and grantee, and it is very evident from that contract that it was not simply a deed of the fee that the appellant was contracting with reference to, but that it was the real title to the land, and the character of the deed was simply stipulated as a compliance with the forms prescribed for conveying such title; in other words, there is nothing to indicate that the appellants were contracting for the shadow rather than the substance.

The case of *Morris v. Whitcher*, 20 N. Y. 41, is a leading case on this subject. The court in that case says:

"It needs no argument to prove that a simple covenant to convey is performed by a conveyance. The obligation being thus satisfied, that is the end of it. But it is just as plain, both in common sense and in law, that covenants which relate to other things than a mere conveyance are not thus performed or satisfied. . . . In all cases, then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be, whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the evidence will be decisive. If not so expressed, the question is open to other evidence, and I think in absence of all proof there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction."

Without entering into a discussion or citation of authorities we think they almost universally sustain the doctrine announced above. This question of the intention of the parties was taken from the jury by the instruction of the court, which was error. If the respondent had not performed his part of the contract, it requires no citation of authorities to show he could not commence this action. On the other hand, the appellant would have the right to rescind the contract. This it elected to do and gave notice of its purpose to the respondents, offering to deed back the land and place the respondents *in statu quo*.

The judgment is reversed.

ANDERS, HOYT, SCOTT and STILES, JJ., concur.