(49 Misc. Rep. 616)

### WYNNE v. FRIEDMAN.

(Supreme Court, Appellate Term. December 27, 1905.)

1. FIXTURES—GAS RANGES.

Attached gas ranges, although movable, may, by agreement of the parties, be treated as fixtures, and may pass with the land and appurtenances, without special mention in the conveyance.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fixtures, § 5.]

2. VENDOR AND PURCHASER—AGREEMENTS OF VENDOR—LIABILITY FOR BREACH —MERGER IN DEED.

Where a contract for the sale of land contains an agreement to deliver a deed containing full covenants and warranty for conveying the premises, together with "gas fixtures, ranges, heating and hot water apparatus," etc., the covenant of sale and warranty does not merge in a conveyance which does not mention the fixtures, and upon breach thereof, through the removal of the ranges by a third party, the vendor is bound to make good the loss.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Deeds, § 266; vol. 48, Cent. Dig. Vendor and Purchaser, §§ 318, 319.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles Wynne against Amelia Friedman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

S. J. Rawak, for appellant.

J. J. Michael, for respondent.

MacLEAN, J. The defendant agreed to sell a parcel of land with the buildings and improvements thereon, and for a sum certain to execute and deliver a proper deed containing full covenants and warranty for conveying the premises, expressly adding:

"The chandeliers, gas fixtures, ranges, heating and hot water apparatus, water closets, bath tubs and other plumbing are to be included in the sale and in the warranty above set forth."

No mention of these things was made in the deed proffered and accepted on passing the title. Not long after the title was taken a gas company showed that it owned the ranges and took them away. This action and recovery are for their value. While movable, the attached ranges were so of kin to fixtures that the parties might by agreement treat them as of the realty, and not requiring mention in

the conveyance to pass with the land and appurtenances. Here they were included in a covenant of sale and warranty which did not merge, as the defendant would have it, in the conveyance (Morris v. Whitcher, 20 N. Y. 41; Stearns v. Lichtenstein, 48 App. Div. 498, 62 N. Y. Supp. 949), and so upon breach thereof through the removal of the ranges by a third party the real owner was bound to make good their loss. It may be remarked that the case chiefly relied upon by the learned counsel for the appellant does not necessarily hold all that might seem upon a first perusal and that Howes v. Baker, 3 Johns. 506, 3 Am. Dec. 526, has been mentioned (20 N. Y. 47) as one of two cases "which perhaps have not been always understood in later times." The judgment should be affirmed.

Judgment affirmed, with costs. All concur.