BRUNSWICK CONST. CO. v. BURDEN.

(Supreme Court, Appellate Division, First Department.   December 14, 1906.)

1. FIXTURES—RIGHT TO REMOVE—VENDOR AND PURCHASER.
    Defendant contracted to sell his dwelling to T., reserving the right to remove fixtures.  T. contracted to sell to B.; the contract containing a like reservation.  The two contracts, except as to the parties and considerations, were the same.  Thereafter negotiations for closing the title were had between plaintiff, to whom B. had assigned his contract, and defendant, on the basis of the contract between defendant and T., though no reference was made to it.  The deed contained no reservation of a right to remove fixtures, but title was passed on a verbal condition that defendant was to be permitted to remain in possession for a month, during which time the fixtures were removed.  Held, that defendant was entitled to remove them, as the conduct of the parties showed that there had been an adoption by plaintiff of the terms of the contracts with T. and B. as to the removal of fixtures, and the contract with plaintiff was not merged in the deed.

2. SAME—QUESTIONS FOR JURY.
    Where a vendor reserved the right to remove fixtures from the residence sold, the question as to what constituted fixtures, within the contemplation of the parties, was a question of law.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, § 76.]

3. SAME—VENDOR AND PURCHASER.
    Where the vendor of a residence reserved the right to remove fixtures, he had the right to remove mantels and hinges that had been made to match the furniture, and flooring which was a part of a parquet floor laid over a permanent floor which remained; they not being distinctively realty or an essential permanent part of the building.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, §§ 5, 51.]

Appeal from Trial Term.

Action by the Brunswick Construction Company against D. Townsend Burden.   Plaintiff appeals from a judgment dismissing the complaint.   Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Alexander S. Andrews, for appellant.
Robert L. Cutting, for respondent.

LAUGHLIN, J.   The action is brought to recover damages to a freehold, caused by the removal of fixtures.   On the 29th day of October, 1902, the defendant, then being the owner of premises known as "No. 5 East Twenty-Sixth street," in the city of New York, entered into a contract for a sale thereof to one J. Delmage Trimble.   Trimble on the day following contracted to sell the premises to one Gustav Bauman.   No reference is made in this contract to the former contract, which was the only authority or interest Trimble had in the premises; but the terms of the two contracts, excepting as to parties, consideration, and notice of election to close the title, were the same.   The defendant occupied the premises as a private residence.   He was erecting a new dwelling at another place in the city, and he expressly reserved in his contract to sell to Trimble "the right to remove all fixtures attached to said premises."   Trimble, in his contract with Bau-

man, made a like reservation in precisely the same language. Bauman assigned his contract to the plaintiff. The house took fire on the 6th day of January, 1903, and the defendant and his family were obliged to move out. On the 12th day of January, the defendant, in accordance with a provision in his contract reserving that right, notified Trimble that he required the payment of the balance of the purchase price within 60 days. Trimble acknowledged this notice the next day and stated that he would be ready to comply with the request. Down to this time the record does not disclose whether the defendant knew that Trimble had ceased to be the real party in interest, or whether the plaintiff was aware that the title was not in Trimble or had knowledge of the existence or of the terms of the contract between the defendant and Trimble. It does, however, appear that the subsequent negotiations for closing title were had between the attorneys for the plaintiff and defendant, and on the basis of the terms and provisions specified in the contract by which defendant agreed to sell to Trimble, with which the attorney for the plaintiff appears to have been familiar, although it does not appear that any reference was made to the contract. The attorney for the plaintiff called on the attorney for the defendant and requested a favor concerning the time of closing the title, with a view to consummating it simultaneously with other contracts relating to parcels of land in the immediate vicinity, upon all of which the plaintiff contemplated erecting a hotel, and arranged to procure a loan from the Knickerbocker Trust Company.

Of course, the plaintiff is chargeable with notice of the terms and provisions of the Bauman contract, which was assigned to him; and the fair inference is, excluding from consideration the evidence received under objection and exception on the part of the plaintiff showing that Trimble was acting as agent for Bauman, that it had notice of the terms and provisions of the contract between the defendant and Trimble, and acted as if it were the assignee thereof, and the evidence so received, even though not competent to show agency, was at least competent to show knowledge of the defendant's contract with Trimble. If this were not so, instead of assuming to close the title with the defendant, who was not a party to the Bauman contract, upon terms which were the same as those incorporated in each contract, it is reasonable to infer that the plaintiff would have opened independent negotiations with the defendant for the purchase of the premises, or made some inquiry with a view to ascertaining whether the defendant was willing to fulfill the apparently unauthorized contract of Trimble for selling his land. Trimble made no further claim to any personal interest under his contract, and merely appeared at the time title passed to receive the difference between the amount defendant agreed to sell to him for and the amount Bauman agreed to pay him, and he made some suggestions and exercised some supervision in behalf of the plaintiff, as if he were its agent or representative. The significant fact appears, without contradiction, that no new or original contract was negotiated between the plaintiff and the defendant. They did not meet as strangers. They met to close the contract, and the only contract made or authorized by defendant was the contract with Trimble.

The conduct of the parties in consummating the sale upon the basis

of the contract between the defendant and Trimble, although no reference was made thereto, necessarily indicates in the circumstances an adoption and acceptance of that contract by the plaintiff, or the ratification, adoption, or acceptance by the defendant of the contract made by Trimble with Bauman, excepting as to the amount of consideration; and, since the provision with respect to the removal of fixtures in each was identical, it is not very material that we should decide which of these views should be accepted. The practical effect is that in one case the plaintiff would become a party to the contract made by the defendant, and in the other that the defendant would become a party to the contract which was assigned to the plaintiff. If the plaintiff assumed to have succeeded to the rights of Trimble under his contract with the defendant, then, of course, the defendant by virtue of that contract was entitled to remove the fixtures; and if the defendant accepted the Bauman contract, and undertook to perform for the vendor therein, all of the terms and provisions thereof inured to his benefit, and he was likewise entitled to remove the fixtures by virtue of the clause relating thereto contained in said contract. Title was closed on the 22d day of January, 1903, for the convenience of the plaintiff, and before the defendant was legally obliged to consummate it, and before he had had time and opportunity to remove his property and became ready to surrender possession. Title was passed on condition, however, verbally agreed upon, that defendant was to be permitted to remain in possession of the premises about one month thereafter, to enable him to remove his property and effects. During this period of occupancy, subsequent to the closing of the title, the fixtures, to recover for which this action is brought, were removed. The right to remove the fixtures was not reserved in the deed. We are of opinion, however, that, in the circumstances, the contract in this respect remained executory and was not merged in the deed.

It is immaterial whether we construe the agreement with respect to the fixtures as a constructive severance thereof from the freehold and a reservation of title thereto in the defendant, or whether we construe it as an option or privilege to the defendant to elect to take and remove them, for either view necessarily leads to an affirmance of the judgment. If there was a constructive severance, the conveyance did not pass title to the fixtures to a grantee with notice of the defendfendant's rights (Tyson et al. v. Post, 108 N. Y. 217, 15 N. E. 316, 2 Am. St. Rep. 409; Lacustrine Fer. Co. v. L. G. & Fer. Co., 82 N. Y. 476), and, as has been seen, the plaintiff was chargeable with such notice. Even if there was not a constructive severance, but merely a right reserved to elect to take and remove the fixtures, the conveyance having been taken for the convenience and accommodation of the plaintiff earlier than it was entitled thereto, and before defendant was ready to surrender possession, and on condition that he might remain in possession until he could remove such property as he had a right to remove, it was taken with such right of removal under the contract reserved to defendant. See Murdock v. Gilchrist, 52 N. Y. 242; Bernheimer v. Adams, 70 App. Div. 114, 75 N. Y. Supp. 93, affirmed 175 N. Y. 472, 67 N. E. 1080. Of course, if the defendant had surrendered

possession without having removed the fixtures, it might well be claimed that he had abandoned his right thereto; but that is not this case.

The rule is that the contract for the conveyance of real estate is only merged in the deed, which relates back to the date of the contract (Simmons v. Cloonan et al., 47 N. Y. 3), to the extent that the deed is a performance thereof, and that all other stipulations and agreements therein, unless shown by other evidence to have been abandoned, survive the execution and delivery of the deed, notwithstanding the fact that they were not incorporated or reserved therein (Bogart v. Burkhalter, 1 Denio, 125; Morris v. Whitcher, 20 N. Y. 41; Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059; Witbeck v. Waine, 16 N. Y. 533; Murdock v. Gilchrist, supra; Sage v. Truslow et al., 88 N. Y. 240; Disbrow v. Harris, 122 N. Y. 362, 25 N. E. 356). The deed was a performance of the defendant's contract to convey all that he had agreed to convey, but it was not an extinguishment of his right to remove the fixtures reserved in the contract. It was not an execution of the contract with respect to the reservation of the title to the fixtures or the right to remove them. If they were constructively severed and reserved, the contract required no further execution with respect to them; and, if the contract merely gave the right of removal, likewise it was not an execution of it, or of the agreement of the vendee to permit their removal. There was no presumptive or other evidence that the plaintiff intended to abandon his right to the fixtures, and that did not become a question of fact to be passed upon by the jury. The only inference justified by the evidence, was that he did not abandon such right.

What constituted fixtures within the contemplation of the parties was a question of law. The plaintiff contemplated tearing down the house. The defendant was erecting a new one in which he desired to use the fixtures, most of which were movable and very valuable. The deed expressly conveyed the land and the building thereon. Plaintiff was, therefore, entitled to have the building remain; but the defendant had the right to strip it of all fixtures not distinctively realty. The only property claimed to have been removed by defendant which presents a close question as to the right of removal was some fancy hinges, mantels, and flooring. The mantels and hinges had been made to match the furniture, and the flooring was part of a parquet floor, which had been laid over a permanent floor, which remained. They were not, we think, distinctively realty or an essential permanent part of the building.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.