STEVENS v. TAYLOR.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. Injunction—Temporary Injunction—Right to Continuance.
  In an action to enjoin a landlord from interfering with the tenant's use of a furnace, which furnished the only means of heating the premises, and was situated in a part of the house of which the landlord retained control, an injunction granting the relief asked pending the return of an order to show cause should have been continued during the pendency of the action; plaintiff having no adequate remedy otherwise.

2. Landlord and Tenant—Lease—Construction—"Appurtenances."
  Where certain floors of a building were leased with the "appurtenances," a furnace, constituting the only means for heating the leased premises, was included in the word "appurtenances."
  [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 437, 438.]

Appeal from Special Term, New York County.

Action by George M. Stevens, Jr., against Louise D. Taylor. From a judgment denying plaintiff's motion for an injunction pendente lite, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Rufus L. Weaver, for appellant.
James A. Allen, for respondent.

McLAUGHLIN, J. The defendant owns what is termed a two-family house; that is, one constructed in such a way as to be occupied by two families. The plaintiff leased the basement and parlor floors, and the defendant occupies the floors above. Immediately below the floors leased to the plaintiff is the cellar, in which is placed a hot-air furnace which supplies heat to all of the rooms, with the possible exception of plaintiff's kitchen. The furnace was placed in the cellar when the building was constructed, and since that time it has been used for the purpose of heating the different rooms in the house, and in fact is the only way at present provided for heating such rooms. The plaintiff went into possession of the rooms occupied by him on the 3d of November, 1904, under an agreement which provided that the heat was to be furnished by the defendant. This agreement was informal, and on the 2d of December following (heat in the meantime having been furnished) it was supplemented by a formal lease in which nothing was said about heat, but nevertheless defendant continued to furnish it at her own expense to the 11th of November, 1905, when she refused any longer to do so, and also refused to allow the plaintiff to use the furnace; he himself furnishing his own fuel. Thereupon this action was brought to procure, among other things, a judgment enjoining the defendant from interfering with the plaintiff in the use of the furnace for heating the premises occupied by him during the term of his lease. He obtained an injunction granting him this relief pending the return of an order to show cause why the same should not be continued during the pendency of the action. Upon the return of the order, the injunction was vacated and plaintiff appeals.

I am of the opinion that the court erred in refusing to continue the

injunction during the pendency of the action. The plaintiff has no adequate remedy at law; and, the action being in equity, he ought to have the injunction during its pendency.· Otherwise; if the lease expires before the trial, he will be unable to obtain any equitable relief whatever. The defendant leased to the plaintiff "the basement and parlor floors * * * with the appurtenances." The furnace was an appurtenance to the premises leased just as much as was access to the rooms. Everything is included within the word "appurtenance," which is necessary and essential to the beneficial use and enjoyment of the thing leased or granted. Doyle v. Lord, 64 N. Y. 432, 21 Am. Rep. 629; Voorhees v. Burchard, 55 N. Y. 98; Huttemeier v. Albro, 18 N. Y. 48; Matter of Hall v. Irvin, 78 App. Div. 107, 79 N. Y. Supp. 614; Riddle v. Littlefield, 53 N. H. 503, 16 Am. Rep. 388. The fact that the lease contains no provision as to heat or any reference to the furnace is of no importance, because the right to heat with the only means provided is included within the word "appurtenances." Unless it is, then the plaintiff can neither enjoy, nor use at times, the rooms leased and for which he has paid the stipulated rent. It is suggested that there are grates in some of the rooms which might be used, but the fact is undisputed that these grates cannot be used in their present condition, and plaintiff is not obligated under his lease to change the rooms so they can be used and occupied, because the lease implied they were in condition suitable for the use for which they were leased.

When one leases rooms in a building, this carries with it not only the right of access, but the right to heat them, if necessary, and, if the only means provided by which the rooms can be heated be a furnace in the cellar, then the right to use such furnace for that purpose. To hold otherwise would enable the lessor, at the expense of the lessee, to destroy, either in whole or in part, the subject-matter of the lease by depriving the lessee of the beneficial use and enjoyment of the thing leased. Upon the undisputed facts and under the authority of Doyle v. Lord, supra, I think the injunction should have been continued during the pendency of the action.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion for an injunction granted, to the extent of enjoining the defendant, during the term of plaintiff's lease, from interfering with him in the use of the furnace; including putting or keeping the same in repair, in so far as such use may be necessary for furnishing heat to the rooms which he occupies. All concur.