STATE BANK OF AVON, Plaintiff, *v.* WILLIAM B. SHELDON and Others, Defendants.

Supreme Court, Livingston County, July 5, 1927.

**Frauds, Statute of — agreement to answer for debt or default of another — action to recover balance on promissory note — defendants purchased hotel and furnishings and, under contract for purchase, assumed to pay note which was secured by chattel mortgage — agreement not within Statute of Frauds — contract was not merged in subsequent deed and bill of sale.**

The defendants entered into a contract to purchase a hotel and furnishings. By the terms of the contract the defendants assumed to pay a promissory note made by the plaintiff, which was secured by a chattel mortgage on the furnishings in the hotel. The agreement of the defendants was an original promise and not one to answer for the debt or default of another.

Furthermore, if it were a promise to pay the debt of another, a contract in which a note was assumed is a sufficient memorandum to satisfy the Statute of Frauds. The contract of purchase was not merged in a deed of the real property and a bill of sale of the personal property subsequently executed and delivered, so as to release the defendants from the obligation to pay the note.

ACTION to recover balance due on a promissory note. Trial before the court by stipulation.

*William A. Wheeler,* for the plaintiff.

*Seybolt & Seybolt,* for the defendants Broadfoot and Day.

RODENBECK, J. The plaintiff seeks to recover the balance due on a promissory note secured by a chattel mortgage on personal property in the Wolcott Hotel, Wolcott, N. Y. A purchase contract was made between the owner of the hotel and the defendants Broadfoot and Day, which included the personal property in the hotel upon which there was a chattel mortgage to secure a note given to the plaintiff. The purchase contract expressly refers to the chattel mortgage and note, and under it the defendants Broadfoot and Day, as a part of the purchase price, assumed the chattel mortgage and note and subsequently paid two installments of interest on the note. The chattel mortgage was afterwards foreclosed and a deficiency created which the plaintiff seeks to recover in this action against Broadfoot and Day on their promise in the purchase contract. The defense is set up that the promise to pay is within the Statute of Frauds. It is not necessary to pass upon the sufficiency of the promise in the purchase contract under the Statute of Frauds, since it is an original promise and not one strictly to answer for the debt of another. What Broadfoot and Day agreed to do was not to pay the debt of the Sheldons, but to pay for the hotel and its contents in part by paying the note in question. (*First Nat. Bank* v. *Chalmers,* 144 N. Y. 432.)

But even if the liability rests solely upon the theory of a promise to pay the debt of another, the language of the purchase contract was clearly sufficient. The word " assumed " as used in the contract must be construed in its ordinary signification as the parties must have intended to employ it. They evidently understood by the use of that term that the defendants Broadfoot and Day were to pay the note which was secured by the chattel mortgage. (5 C. J. 1375.) The contract to purchase was executed so that its sufficiency is not involved and the assumption of the debt was part of the consideration. The language is clearly sufficient to charge the defendants. (*Lawrence* v. *Fox,* 20 N. Y. 268; *Burr* v. *Beers,* 24 id. 178.)

Whether the promise be treated as an original one or as one to answer for the debt, miscarriage or default of another, it is claimed that the contract was merged in the deed and bill of sale which were subsequently executed and delivered, and that the defendants were released from the obligation to pay the note in question,

notwithstanding that they made two payments on the note. The debt cannot be said to have been merged in the deed since that instrument only related to the real estate. There is no reference in the bill of sale to the chattel mortgage or note, but it recites " one dollar and other valuable considerations," and, the chattel mortgage being on record, the personal property was taken over subject to the chattel mortgage. The defendants Broadfoot and Day understood that the promise to pay the note was not merged in the bill of sale since they paid interest on it subsequent to the execution and delivery of the bill of sale. It is a matter of intention and it is not at all probable that, after having assumed the chattel mortgage and the note, the defendants Sheldon intended to relinquish the promise to pay the note when the bill of sale was executed. (*Morris* v. *Whitcher*, 20 N. Y. 41; *Cooper* v. *Payne*, 186 id. 334.)

The purchase contract signed by Broadfoot and Day by Day, the bill of sale to Broadfoot and Day and other evidence, show that the defendants engaged in a joint venture and both of them are liable under the purchase contract. (33 C. J. 871.)

The plaintiff is entitled to judgment against the defendants Broadfoot and Day.

So ordered.