## RALPH MARRO
### vs.
## JACOB JACOBOWITZ, ET AL.

Superior Court     New Haven County     File #49914

Present:   Hon. CARL FOSTER, Judge.

W. J. McKenna;
Anthony DeLucia;
Pond, Morgan & Morse,     Attorneys for the Plaintiff.

Hoyt, Sweedler & Hoyt;
Woodhouse & Schofield;
M. E. Klebanoff,     Attorneys for the Defendants.

**MEMORANDUM FILED NOVEMBER 30, 1936.**

FOSTER, J.   On April 26, 1935, the defendant Goldberg conducted a bakery at No. 183 Washington Avenue in New Haven.   He leased these premises from the then owner, The New Haven Savings Bank, for the period of two years from March 1, 1935, by written lease dated March 12, 1935.   The written lease contains the provision "and it is further agreed that said party of the second part (Goldberg) shall pay for all necessary interior repairs".   The lease also contains the provision that the party of the second part (Goldberg) shall not make any alteration in the premises without the consent of the party of the first part (the lessor) in writing.

The defendants Jacobowitz purchased the property subject to the lease from The New Haven Savings Bank on April 24, 1935.   From the street a passageway wide enough for the passage of vehicles extended along the side of the building. A door on the side of the building opened onto the passage-way.   As one entered the door, the level of the floor of the bakery was twelve (12) inches lower than the doorsill. Upon the floor of the bakery had been placed a box which, though not attached to any part of the building, was used as a step from the level of the doorsill to the level of the floor of the bakery.   The distance from the level of the doorsill to the level of the box was two (2) inches, and the distance from the level of the box to the level of the floor of the bakery was ten (10) inches.

On April 24, 1935, the plaintiff, employed by a coal mer-chant, was engaged in carrying coal purchased by Goldberg from the plaintiff's employer from a truck in the passageway to the floor of the bakery, where Goldberg had directed that it be deposited.   The coal was in bags, each weighing 125 pounds.   In order to deposit the coal where required by Goldberg, it was necessary that the plaintiff step upon the box above mentioned.   The plaintiff carried two bags of

coal into the bakery, stepping upon the box as he entered. As he was carrying the third bag of coal into the bakery, when he stepped upon the box it tipped and threw the plain- tiff to the floor of the bakery, causing the injuries of which the complaint is here made.

The plaintiff had a legal right to be in the building and use the box which was there as a step. The box, unattached to the building, rendered the premises not reasonably safe for these persons lawfully within and using the same. The . plaintiff has failed to prove that the original lessor of the premises or the defendants Jacobowitz placed the box as a step or knew of its position. No duty devolved upon the landlord or owners of the premises to remedy this defect in the premises. Remedying this defect would not have con- stituted such an alteration of the premises as under the lease would have required the tenant to secure the permission of the landlord. The tenant did not attempt to secure such permission, and the landlord never refused such permission. The defect was such as the tenant was bound to repair under the common law and under the specific provisions of the lease.

The plaintiff suffered a sprain of the muscles and a fracture of the scaphoid of the right foot. His foot was placed in a cast on April 28, 1935, and so remained until May 25, 1935. Since that date the foot has improved, but the plaintiff has not been able to do heavy work which would cause heavy weight or pressure on the foot. There is a permanent dis- ability in the foot of six (6) per cent. At the time of the injury and for some considerable time previous thereto the plaintiff was earning $18.00 per week. His doctors' bills amount to $164.00.

Judgment is rendered that the plaintiff recover from the defendant Max Goldberg damages in the sum of $4,158.00.

Judgment is rendered in favor of the defendants Jacob and Rebecca Jacobowitz against the plaintiff.