HOOD FARM, INC., Respondent, v. GRACE VAN BRAAM ROBERTS, Appellant.

Third Department, June 22, 1938.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the appellant.

*Newton H. Fessenden,* for the respondent.

PER CURIAM. On November 5, 1917, appellant leased of respondent's assignor a pure bred Jersey bull for the term of three years. The annual rent reserved was five heifer calves from four to six months old to be sired by the bull and shipped on lessor's approval within six to eight months of the end of each year. The term began about January 1, 1918. A disagreement arose shortly as to the potency of the animal and whether it was afflicted with " sway back " and had transmitted this defect to its progeny. Appellant, however, kept and used the bull for the term of the lease and until its death in 1924 without delivering to the lessor any calves or other payment for its use. During the negotiations after the disagreement the lessor waived the delivery of any calves for the year 1918. Respondent later brought this action and was allowed damages in the sum of the value of five heifer calves for each of the years from 1919 to 1923, both inclusive, up to the total sum of $4,000 demanded in the complaint.

Appellant, for a defense and counterclaim, urged that she was induced to enter into the lease by the false representations of the lessor as to the bull's breeding powers and condition. Her contentions were dismissed by the referee and we think properly. She continued to keep and use the animal long after she was claimed to be aware of these alleged defects and her proof failed to establish that the bull was actually misrepresented.

The referee held appellant liable for the value of the calves reserved as rent during the second and third years of the lease. He also held that there was an implied contract on the same terms as the written lease, binding on both parties, for the period subsequent to the expiration of the lease and allowed the respondent as damages for this period the value of five heifer calves per year, the same as for the term of the lease itself. In each of the years 1920 and 1923 the bull had sired less than five heifer calves, but

the referee allowed the respondent full damages for appellant's failure to deliver five such calves for each of those years.

The referee erred in two respects, first in allowing respondent for five heifer calves for 1920, when the bull sired but four, and second in holding that the lease was extended beyond its expiration upon the same terms as to rent. It was obviously impossible for the appellant to comply with the provisions of the lease as to delivery of five heifer calves for the year 1920. Undoubtedly the parties did not have this contingency in mind for the lease makes no provision concerning it but appellant should not be bound to the insuperable. There was no proof that the appellant did not make every proper effort to use the animal's service during the year 1920, so that her inability to comply with the lease for that year was occasioned through no fault of hers and she should not be held liable therefor.

There was no actual agreement by the parties for an extension of the lease beyond its period. While there is some correspondence to the effect that the lessor considered the lease to still be in effect, or at least that he was entitled to five heifer calves per year under it, after its termination, there is no proof that appellant agreed to this, either actually or by inference. True, she did continue to keep the bull, but the lessor might have reclaimed him at any time, just as the lessee might have returned him. A demand for his return or delivery of the calves was finally made but not complied with. The only fact found by the referee with relation to this phase of the case was that appellant retained possession of and continued to use the bull for breeding purposes from January 1, 1918, to the time of the commencement of this action. The rule that a tenant holding over under a lease of real estate does so under the same terms as to rent reserved does not apply to a lease of personal property. The continuing in possession of personal property after the expiration of a lease does not act as a renewal of the lease and the rule is not the same for personal property as it is for real estate. (*Chamberlain* v. *Pratt*, 33 N. Y. 47; *Chase* v. *Second Avenue R. R. Co.*, 97 id. 384; *Brooklyn Dock & Terminal Co.* v. *Bahrenburg*, 135 App. Div. 799.) The reasoning which supports the rule as to real estate does not have the same application to personal property because of the essential difference in the nature of the latter. This appellant was a bailee of the bull after the term of the lease and, at most, liable only for the reasonable value of his use or such other actual damage as could be properly shown. The parties in such a situation must have recourse to the usual rules of damage for the detention of personal property. The

only proper damage shown below was the value of four heifer calves for 1919 and five for 1920.

The judgment should be modified by reducing the damages established from $4,000 to $2,250, and as so reduced affirmed, without costs.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J. I concur that damages for the three years during which the lease applied should be fixed at $2,250. I dissent from the dismissal of the cause of action for the following years during which defendant kept and used the bull.

Judgment modified on the law and facts by reducing the damages to $2,250 and costs in the court below, and as so modified affirmed, without costs. The court reverses findings of fact numbered 16, 17, 18, 19 and 20 in the referee's report, all facts found in the conclusions of law in said report and all findings of fact contained in the referee's opinion. The court finds that plaintiff was damaged in the sum of $2,250.