IsIDORE POLNER, Doing Business under the Name of POLNER COIN LAUNDRY SERVICE, Plaintiff, *v.* ARLING REALTY INC., Defendant.

Supreme Court, Special Term, Kings County, January 31, 1949.

*David Schuman* for plaintiff.

*Joseph S. Wohl* and *Walter Lubarsky* for defendant.

WALSH, J. Plaintiff moves for an order restraining the defendant, who is now the owner of premises 1 Grace Court, Brooklyn, New York, from interfering in any manner whatsoever with the operation of a certain automatic washing machine installed and owned by the plaintiff.

Plaintiff alleges that on January 3, 1948, it entered into a written agreement with the Sonrik Realty Corp., defendant's predecessor in title, whereby plaintiff leased from Sonrik certain specific cellar space for the exclusive use of coin-metered laundry equipment. Defendant does not deny that it notified plaintiff to vacate the premises and remove the washing machine. Nor does defendant deny that plaintiff tendered the rent for the year 1949.

In opposing plaintiff's application, defendant contends that plaintiff's papers do not set forth sufficient facts authorizing the issuance of an injunction; also that plaintiff's agreement with Sonrik may be terminated at will since it is merely a license and not a lease.

Defendant's first objection is that a copy of the summons is not attached to the moving papers. An examination of the papers reveals, however, that the original summons and a verified complaint are attached thereto and also an affidavit of service.

Defendant's second contention is that the papers are insufficient for the reason that plaintiff has not submitted his own affidavit in support of the application. This is not necessary.

Plaintiff's right to a temporary injunction depends upon the nature of the action, which is one seeking a permanent injunction (Civ. Prac. Act, § 877). Consequently, all that is necessary is that a verified complaint be annexed to the moving papers (7 Carmody on New York Pleading and Practice, §§ 201, 213).

Defendant's further argument that the agreement executed by the plaintiff and the Sonrik Realty Co. is a license and not a lease is also untenable. The agreement executed by the parties provides in part:

" Whereas, the Landlord is desirous of leasing all that certain space contiguous to the plumbing and electrical fixtures in the basement of premises 1 Grace Court, Brooklyn, N. Y. as set forth on the diagram annexed hereto and made part hereof to the Company and Polner Coin Laundry Service,

" Whereas, the Company is desirous of leasing all that certain space contiguous to the plumbing and electrical fixtures in the basement of premises 1 Grace Court, Brooklyn, N. Y. from the Landlord,

" (1) The landlord warrants that it is the owner in fee of premises 1 Grace Court, Brooklyn, N. Y. and hereby leases exclusively to the company and assigns for the exclusive use of coin metered laundry equipment all that cellar space set

forth on the diagram hereto annexed and made part hereof.
\* \* \*

" (8) The rent to be paid to the Owner shall be the sum of Fifty two ($52) Dollars to be paid annually in advance.

" (9) This lease shall be in effect for a period of three years from Jan. 3, 1948 to Jan. 2, 1951 and shall be binding upon, and inure to the benefit of the parties hereto, their executors, successors and assigns and automatically be renewed on the same terms and conditions as herein stated, for a further period of three years unless cancelled by registered written notice by either party at least 60 days prior to the expiration of the original term herein specified."

It is to be noted that the agreement contains a description of the premises to be occupied exclusively by the plaintiff, the amount of rent to be paid, also the period of occupancy. Such an agreement is a valid lease (1 McAdam on Landlord and Tenant [5th ed.], p. 175; *Coyne* v. *Feiner,* 16 N. Y. S. 203; *Brooklyn Dock & Term. Co.* v. *Bahrenburg,* 135 App. Div. 799, affd. 202 N. Y. 521).

The cases relied upon by the defendant are distinguishable from the one at bar. In *Halpern* v. *Silver* (187 Misc. 1023), the landlord merely granted " permission " to the plaintiff to install and maintain a coin-metered washing machine for a period of three years. No specific space was leased and no exclusive use was granted to the plaintiff. In some respects, *Kaypar Corp.* v. *Fosterport Realty Corp.* (69 N. Y. S. 2d 313), also cited by defendant is closer. However, that case may be clearly distinguished from the instant case. The instrument as described in the opinion of the court (pp. 315–316) appears to be a " contract " by which the landlord, " desiring to supply its tenants of the premises with modern efficient laundry facilities, ' \* \* \* leases \* \* \* that certain laundry space \* \* \* for the purpose of installing, maintaining and servicing a special washing, drying and laundry equipment system therein for the term of three years '." While undoubtedly the ultimate purpose of the lease in the instant case was to provide a laundry service for the tenants, the parties simply made a lease of a definite part of the basement so that plaintiff could do business with the tenants. The parties could have created a licensor-licensee relationship but, at least for the purposes of this motion, they appear to have created a landlord-tenant relationship.

In the circumstances, the plaintiff is entitled to a temporary injunction. Plaintiff has no adequate remedy at law and will

suffer irreparable damage if the defendant is permitted to remove the washing machine from the premises in question during the pendency of the action (*Stevens* v. *Taylor,* 111 App. Div. 561; *Rochester Poster Adv. Co.* v. *Smithers,* 224 App. Div. 435). Significantly, in the latter case a permanent injunction was issued where the plaintiff had been granted the exclusive right and privilege to occupy and use a lot for the purpose of constructing and maintaining advertising displays thereon. The court held that the instrument executed by the parties created an easement in the property, if indeed it was not a lease. There the original owner conveyed the premises to a purchaser who sought to evict the plaintiff upon the ground that it was not bound by the agreement made with the previous owner. The court also concluded that the presence and location of plaintiff's advertising board on the premises in question before the defendant took title was sufficient to put her on inquiry as to plaintiff's rights in the premises and that, in consequence, she took title subject thereto.

In the light of the foregoing, plaintiff's motion for a temporary injunction is granted. Settle order.