ISIDORE POLNER, Doing Business under the Name of POLNER COIN LAUNDRY SERVICE, Plaintiff, v. ARLING REALTY INC., Defendant.

Supreme Court, Special Term, Kings County, March 31, 1949.

*David Schuman* for plaintiff.

*Joseph S. Wohl* and *Walter Lubarsky* for defendant.

LIVINGSTON, J. This case has been submitted to the court upon an agreed statement of facts. Plaintiff seeks to restrain defendant, the owner of premises 1 Grace Court, Brooklyn, New York, from interfering in any manner whatsoever with the operation of a certain automatic coin-metered washing machine owned by plaintiff and installed in the above-mentioned premises.

On January 3, 1948, plaintiff entered into a written agreement with the Sonrick Realty Corporation, defendant's predecessor in title, whereby plaintiff leased from Sonrick certain specific cellar space for the exclusive use of coin-metered laundry equipment. The agreement executed by plaintiff and Sonrick provides in part as follows:

"Whereas, the Landlord is desirous of leasing all that certain space contiguous to the plumbing and electrical fixtures in the basement of premises 1 Grace Court, Brooklyn, N. Y. as set forth on the diagram annexed hereto and made part hereof to the Company and Polner Coin Laundry Service

"Whereas, the Company is desirous of leasing all that certain space contiguous to the plumbing and electrical fixtures in the basement of premises 1 Grace Court, Brooklyn, N. Y. from the Landlord,

"(1) The Landlord warrants that it is the owner in fee of premises 1 Grace Court, Brooklyn, N. Y. and hereby leases exclusively to the company and assigns for the exclusive use of coin metered laundry equipment all that cellar space set forth on the diagram hereto annexed and made part hereof. * * *

"(8) The rent to be paid to the Owner shall be the sum of Fifty two ($52) Dollars to be paid annually in advance.

"(9) This lease shall be in effect for a period of three years from Jan. 3, 1948 to Jan. 2, 1951 and shall be binding upon, and inure to the benefit of the parties hereto, their executors, successors and assigns and automatically be renewed on the same terms and conditions as herein stated, for a further period of three years unless cancelled by registered written notice by either party at least 60 days prior to the expiration of the original term herein specified."

Defendant concedes that when it took title in August, 1948, it knew that plaintiff's washing machine was in the cellar of the premises and that it was being operated under some arrangement with the previous owner of the building. Defendant claims that it was not aware, however, of the terms of such arrangement. Defendant also admits that it refused plaintiff's tender of the rent for the year 1949, and that it advised plaintiff several times to remove the washing machine.

Defendant cites several cases, i.e., *Halpern* v. *Silver* (187 Misc. 1023); *Kaypar Corp* v. *Fosterport Realty Corp.* (69 N. Y. S. 2d 313, affd. 272 App. Div. 878); and *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp.* (191 Misc. 884), to support its contention that plaintiff was granted merely a license to use the cellar space and not a lease. It will be observed, however,

that in those cases no exclusive possession of any specific space was granted to the plaintiffs.

Here, however, the agreement contains a description of the specific space to be occupied exclusively by the plaintiff. As was held by Mr. Justice WALSH upon the motion for a temporary injunction in this case, such an agreement is a valid lease (194 Misc. 598). (1 McAdam on Landlord and Tenant [5th ed.], p. 175; *Coyne* v. *Feiner,* 16 N. Y. S. 203; *Brooklyn Dock & Terminal Co.* v. *Bahrenburg,* 135 App. Div. 799, affd. 202 N. Y. 521.) In the circumstances, plaintiff is entitled to a permanent injunction restraining defendant from interfering with its use of the leased premises and the operation of the washing machine (*Rochester Poster Advertising Co.* v. *Smithers,* 224 App. Div. 435).

Judgment is accordingly granted to plaintiff, with costs.