GREENBRO COIN METER CORP., Plaintiff, *v.* H. BASCH, Defendant.

Supreme Court, Special Term, New York County, June 1, 1954.

*Sol D. Greenstein* for plaintiff.

*Sidney Peilte* for defendant.

CORCORAN, J. The plaintiff installed and operated several automatic coin-metered washing machines in a building pursuant to a written agreement with the owner who was the defendant's predecessor in title. The defendant has directed the plaintiff to vacate the premises and to remove the machines, claiming that the agreement was a license and that its term had expired. The plaintiff brought this action to restrain the defendant from evicting the plaintiff, claiming that the agreement is a lease and that plaintiff is a statutory tenant.

The written agreement was not a lease and was never intended as such. It is true that it purports to lease a designated space in the building described as a " Laundry room in basement ", but a reading of the entire instrument discloses that exclusive possession and control of such space was not given to the plaintiff. The room is described, for example, as " said space being a sufficient amount of space for the operation of two Bendix Automatic Laundry Machines for commercial purposes." This certainly is not the setting aside of a defined space for possession of a tenant. The instrument also provides that the owner " permit " the plaintiff access to necessary facilities, such as hot and cold water and electrical current, in the laundry room, which would not be necessary if the plaintiff had been given possession and control as a tenant. Finally, the evidence established that the parties intended that other tenants of the building should have access to the laundry room whether or not they used the plaintiff's washing machines. The plaintiff was not given the right to prevent such tenants from using the laundry room at will.

All the evidence sustains the defendant's contention that the written instrument was a license rather than a lease.

Judgment is directed in favor of the defendant.