James W. Bailey, J.
Plaintiffs seek a declaratory judgment declaring the rights and obligations of the parties with respect to an agreement made between plaintiffs and defendant’s predecessor in title.
Hartown Realty Corporation, one of defendant’s predecessors in title to premises known as Country Club Ridge at Hartsdale, New York, made an agreement on June 10,1950, with plaintiffs granting to them the right to install and operate washing and drying machines in the basement of the premises. The agreement was for a period of five years with an option to renew for an additional five years and contained the provision that if the premises were sold the terms of the agreement would be binding upon the successors in interest.
The premises were sold by Hartown Realty Corporation to a partnership consisting of Benjamin Freeman, Eugene Dann, Morris Freeman and Abraham Greenberg. The aforesaid partnership purchased the premises on December 10, 1953, subject to the terms of the agreement.
*390 On February 7, 1955, the five-year option to renew was exercised by plaintiffs and the duration of the original agreement was extended to June 10, 1960.
The aforesaid partnership contracted to sell the subject premises to the defendant on July 3, 1956, and title was conveyed on July 31,1956. The contract of sale provided that defendant was to take title subject to the agreement of June 10, 1950, as extended and further provided that “at the closing of title, the Purchaser shall assume performance from and after the closing date of the contract with Charles Bermann Co. of Westchester.” After title was closed on July 31, 1956, the attorneys for the partnership seller advised the plaintiffs by letter that the premises had been sold subject to the agreement of July 10,1950, as extended and the letter contained a confirmation of that fact by defendant through its president. Defendant thereafter accepted some payments pursuant to the agreement but subsequently directed plaintiffs to remove the machines from the premises whereupon this action was instituted.
The facts hereinabove recited are conceded by the parties and submitted to the court for determination without formal proof.
Motions made by each party for judgment on the pleadings were denied by Special Term. In affirming the denials the Appellate Division stated that an issue of fact is presented requiring proof as to whether defendant ratified the agreement which affords plaintiffs the right to maintain the washing and drying machines upon the premises.
The original agreement was made for the benefit of plaintiffs herein and contained the provision that subsequent purchasers of the premises were to be likewise bound thereby. Defendant accepted and ratified this agreement by agreeing, in its contract to purchase the premises, to assume performance thereof from and after the closing. Although the original agreement may not have created any rights in the property which would run with the land it did create a valid agreement for a license for a definite period and a revocation thereof would give rise to a cause of action for breach of contract. (United Merchants Realty & Improvement Co. v. American Billposting Co., 71 Misc. 457.) Ratification is a matter of intention. (Soma v. Handrulis, 277 N. Y. 223, 230; Union Trust Co. v. Allen, 239 App. Div. 661.) Here the original contract was specifically ratified by defendant in its contract to purchase the premises. The intention to assume the license agreement is clearly and specifically expressed.
There is no merit to defendant’s contention that the agreement to assume the obligations of the license merged in the deed. *391 Firstly, a contract to sell land is merged in the deed only when the deed is intended to he accepted in full performance thereof. Collateral undertakings are not extinguished where by their nature they show an intent not to be merged in the deed. (Siebros Finance Corp. v. Kirman, 232 App. Div. 375.) Here the intent not to merge is obvious from the agreement to perform after the closing. Executory covenants to be performed after delivery of the deed do not merge therein. (Micco v. Steiglits, 66 N. Y. S. 2d 435.)
Secondly, a deed merely constitutes performance by the vendor of his antecedent covenant to convey but does not execute or perform any of the covenants or obligations of the vendee which therefore survive the acceptance of the deed. (Sage v. Truslow, 88 N. Y. 240; Goldsmith v. Deitchman, 69 N. Y. S. 2d 148; State Bank of Avon v. Sheldon, 130 Misc. 64.)
The court therefore finds that the defendant, having ratified the original agreement, is bound to allow plaintiffs to continue to maintain the washing and drying* machines on the premises.
This opinion shall constitute the decision of the court. Submit judgment accordingly.