James W. Balley, J.
Plaintiff makes application for summary judgment in this action to foreclose a purchase-money mortgage.
Plaintiff was the original developer of a tract of land in the Town of Putnam Valley, Putnam County, New York, and sold two parcels to defendants accepting a purchase-money mortgage for a substantial portion of the purchase price.
The defendants concede that they failed to make the mortgage payment due on April 15,1958 but allege that their failure was deliberate and their refusal to pay justified by reason of plaintiff’s wrongful conduct more particularly described in seven separate counterclaims seeking damages in excess of the balance due upon the mortgage.
The first and third counterclaims contain allegations of fraudulent representations made by plaintiff to induce the defendants to purchase each of the parcels subject to the mortgage in question.
The merger clause contained in the agreement between the parties may not be invoked to preclude proof of fraudulent representations. Likewise, the parol evidence rule may not be applied, to exclude evidence of fraudulent representations. A party may not perpetrate a fraud with immunity and deprive his victim of redress by including a merger clause in the agreement. (See Sabo v. Delman, 3 N Y 2d 155, 161, 162; Bridger v. Goldsmith, 143 N. Y. 424, 428; Disbrow v. Harris, 122 N. Y. 362; Bareham & McFarland, Inc., v. Kane, 228 App. Div. 396, 402.) The court does not determine that fraud exists herein. But for the purposes of the present motion defendants have sufficiently demonstrated the existence of issues of fact as to whether any fraudulent representations were in fact made. Whether the representations constituted mere promissory statements or a promise actually made with a preconceived intention not to perform is an issue of fact which must be determined at the trial. (Sabo v. Delman, supra.) If fraudulent representations were in fact made and were an inducement to the purchase then defendants may recover damages for the alleged fraud and are 'entitled to offset the same against the balance due upon the mortgage. (See Sager v. Friedman, 270 N. Y. 472, 479, 480, 481; *767 Abel v. Paterno, 245 App. Div. 285; Hall v. Grays, 227 App. Div. 337.) The third counterclaim alleges fraudulent representations of a material and existing fact to induce the purchase of the second parcel. These allegations raise issues of fact which must be determined by a plenary trial.
The second counterclaim alleges that plaintiff has breached its agreement to maintain the roads, park areas, recreational grounds and brook areas for bathing, fishing and boating as agreed upon by the contract of sale and as reaffirmed by a clause in the deed to the premises. The contract of sale contains an agreement by defendants to pay to the plaintiff a sum not exceeding $35 per year for the maintenance of the roads, park areas, recreational grounds and brook areas in the development. Defendants allege that plaintiff has obligated itself by this clause, contained in both the contract and deed to properly maintain the designated areas and seek damages by reason of plaintiff’s failure to comply with its agreement.
The general rule is that where there is a contract for the sale of land, by the terms of which a deed is to be subsequently given, the delivery of the deed and the acceptance thereof by the purchaser merges the contract with its covenants into the deed with the result that the contract becomes superseded and the covenants contained therein are no longer enforcible. (Schoonmaker v. Hoyt, 148 N. Y. 425, 429.) An exception exists however as to covenants in the contract which are collateral and not connected with the title, possession or quantity of the land. (Carr v. Roach, 2 Duer 20.)
Fundamentally the issue as to whether covenants contained in a contract merge in the deed is a question of fact depending upon the intention of the parties. This intention must be resolved at a trial of the issues. The inclusion in the deed of the agreement by defendants to pay for the maintenance of the roads, parks and brooks indicates an intention that this obligation together with the corresponding duty of the plaintiff to maintain the specified areas was to survive the delivery of the deed. In addition, the agreement to pay for the maintenance of the designated areas appears to be a collateral and executory agreement which would survive the delivery of the deed in any event. Such executory and collateral agreements have been constantly held to survive the delivery of the deed. (See Sage v. Truslow, 88 N. Y. 240; Siebros Finance Corp. v. Kirman, 232 App. Div. 375; Senter v. Golden, 154 N. Y. S. 2d 731; Industrial Development Foundation of Auburn v. United States Hoffman Mach. Corp., 11 Misc 2d 625; Bermann v. Windale Properties, 10 Misc 2d 388.)
*768 It, therefore, appears from the first three counterclaims alleged by defendants that issues of fact are present which may not be summarily disposed of upon this motion. It is not necessary for the court to consider the remaining counterclaims.
The application for an order striking out the answer of the defendants and for summary judgment must be denied.
Submit order accordingly.