Abraham Schlissel, J.
By stipulation of the parties, the issues as to the maintainability of this action and the enforcibility of the agreement of October 29,1963 against this defendant have been submitted to this court for preliminary determination.
It is agreed, for present purposes, that such agreement was entered into between plaintiff and Ramled Holding Inc., the then owner of premises No. 210 East Broadway, Long Beach, N. Y., and that said agreement provides, inter alia, for plaintiff’s installation and maintenance of one washing machine and one dryer in the laundry room on each floor of said premises for a period of five years and two months terminating December 31, 1968. For the privilege thus granted it, plaintiff obligates itself to pay an annual rental of $250 quarterly in advance.
It is further provided (in par. “ Seventh ” of the instrument of Oct. 29, 1963) that same shall “ bind the parties hereto, and shall bind and enure to the legal representatives, successors and assigns of the parties respectively”.
The basic question raised here and now required to be decided by this court is whether the language above quoted (or any of the other provisions of the agreement) imposes any legally enforcible obligation on the present defendant, a grantee of premises No. 210 East Broadway.
The court, after examining and analyzing the various cases called to its attention by counsel for both parties and also conducting considerable research of its own, has concluded that the *349 present action is not maintainable and that the agreement of October 29, 1963 is not enforcible against this defendant.
The court is furthermore convinced that whatever conflict may appear to exist among the various decided cases is superficial only and actually more apparent than real.
In deciding that the complaint herein must be dismissed, the court holds that the agreement here under review created a mere license (within the meaning of such cases as Halpern v. Silver, 187 Misc. 1023; Muller v. Concourse Investors, 201 Misc. 340; Wash-O-Matic Laundry Co. v. 621 Lefferts Ave. Corp., 191 Misc. 884, and Greenbro Coin Meter Corp. v. Basch, 205 Misc. 853), and not, as plaintiff insists, a lease (within the meaning of Polner v. Arling Realty, 194 Misc. 831).
Thus a comparison of the language of the Polner instrument with that here under analysis reveals several striking, substantial and decisive differences between the two:
(1) In Polner the agreement in question is repeatedly referred to and described as a “lease” whereas this word does not appear even once in the instant document. This circumstance, while far from decisive, is surely not wholly irrelevant to a determination of the parties’ intentions.
(2) In Polner the owner “hereby leases exclusively to the company and assigns for the exclusive use of coin metered laundry equipment all that cellar space set forth on the diagram hereto annexed and made part hereof” (p. 832; emphasis supplied). Here defendant’s predecessor in title gave plaintiff no more than “the sole right to install (1) one new washing machine and (1) one new dryer in each of the laundry rooms located on each floor of the Delmar Apts., 210 East Broadway, Long Beach, N. Y. ”
(3) The Polner agreement recited (in its Whereas clauses) that “ the Landlord is desirous of leasing all that certain space contiguous to the plumbing and electrical fixtures in the basement ’ ’ and that ‘ ‘ the Company is desirous of leasing all that certain space contiguous to the plumbing and electrical fixtures ” (p. 832). Here the agreement of October 29, 1963 contains no whereas clauses but does, in its introductory paragraph, describe defendant’s predecessor as “ owner ” and plaintiff as “ operator ”.
In Polner, Mr. Justice Livingston (while rejecting the persuasiveness of several of the decisions above cited) observed that (p. 833) “in those cases no exclusive possession of any specific space was granted to the plaintiffs. Here, however, the agreement contains a description of the specific space to be occupied exclusively by the plaintiff
*350 Here, unlike Polner, there was no grant of exclusive possession of any specific space. Here, unlike there, there was a mere grant of the right to install one washer and one dryer in each laundry room.
In the circumstances, the court is convinced and now decides that the decision in Polner v. Arling Realty (supra) was reached with respect to a substantially, materially and decisively different set of facts and is not controlling here.
The court is further convinced and now also holds and decides that Bermann v. Windale Props. (10 Misc 2d 388), upon which plaintiff originally relied, avails it not at all here. It is noted that Bermann was before the Appellate Division, Second Department (4 A D 2d 746) prior to its final determination by Mr. Justice Bailey.
Both parties there complained in the Appellate Division that Special Term had denied their respective applications for judgment on the pleadings. The appellate court, in affirming the court below, noted (pp. 746-747): “In our opinion, the agreement was in the nature of a license [citing cases] and defendant, who was not a party to the agreement, was not bound thereby merely because it had knowledge of the agreement and accepted benefits thereunder ”. It did, however, feel that: “an issue is presented, requiring the taking of proof, as to whether defendant ratified the agreement when it ‘ confirmed 5 the fact that the premises had been conveyed to it ‘ subject to the agreement ’.”
It was this limited issue and no more that Mr. Justice Bailey decided in plaintiff’s favor and upon which he rendered judgment against defendant which he found (p. 391): “ having ratified the original agreement, is bound to allow plaintiffs to continue to maintain the washing and drying machines on the premises ”.
This court is convinced (and indeed that court’s opinion plainly reveals) that absent the specific acceptance of title subject to the agreement with plaintiffs, the Appellate Division would have held the Bermann agreement to be a license and not a lease and would have followed cases such as those referred to in its opinion and hereinbefore cited.
Among those cases was the decision of the greatly-distinguished and highly-regarded Mr. Justice Steinbrink in Wash-O-Matic Laundry Co. v. 621 Lefferts Ave. Corp. (191 Misc. 884). There, in construing an agreement far more favorable to the installer than that here, the learned Justice said (in language particularly apposite here, p. 887) .: “ The agreement here did not confer upon plaintiff exclusive possession of any definite space as against the owner of the property; it merely granted *351 a license to install and maintain certain laundry equipment in space designated on a diagram as ‘ washing machine room This is not a sufficient delineation of any identifiable space so as to create a grant thereof * * * it has been held that an agreement for the installation and servicing of laundry facilities for the use of tenants of a building creates but a license ”.
To like effect are the decisions of Mr. Justice Steuer in Muller v. Concourse Investors (201 Misc. 340) of Mr. Justice Bonepabth in Halpern v. Silver (187 Misc. 1023) and of Mr. Justice Cobcoean in Greenbro Coin Meter Corp. v. Basch (205 Misc. 853).
For the reasons hereinbefore stated, the complaint herein is dismissed on the merits and the Clerk of this court is directed to enter judgment accordingly, together with all appropriate costs and disbursements.