354 So.2d 927 (1978)
Rupert BODDEN, d/b/a Coin-Op-Laundry, Appellant,
v.
James P. CARBONELL, d/b/a Happy Villas, Appellee.
No. 77-946.
District Court of Appeal of Florida, Second District.
February 1, 1978.
*928 Charles E. Bergmann of Yado, Keel, Nelson, Grandoff, Casper, Bergmann & Newcomer, Tampa, for appellant.
No appearance for appellee.
BOARDMAN, Chief Judge.
Appellant/plaintiff, Rupert Bodden, d/b/a Coin-Op-Laundry, appeals the final judgment rendered in favor of appellee/defendant, James P. Carbonell, d/b/a Happy Villas. We reverse.
Appellant was in the business of leasing and operating laundry rooms and installing necessary equipment at various apartment complexes. On March 1, 1975 appellant entered into a written agreement with Desmont, Inc., owner of the apartment complex Woodcrest Apartments, located at 1348 Dottie Drive, Tampa, Florida. Desmont, Inc., which is not a party to this proceeding, was the predecessor in title to appellee who purchased the apartment complex on November 26, 1975. The deed of conveyance provided that it was subject to existing leases with tenants. In February 1976 appellee notified appellant that he was to remove equipment from the laundry room. Appellant did not remove the equipment and in April 1976 appellee placed the machines in storage.
Appellant filed an amended complaint alleging in Count I breach of a lease and in Count II forcible entry and unlawful detainer. Appellant filed an answer and counterclaim which was based upon a breach of the written lease agreement. Subsequent to trial before the court the final judgment was rendered adversely to appellant.
The trial court found, among other things, that the document is a license "[n]otwithstanding that the agreement is entitled Lease... ." The trial court in reaching this conclusion placed considerable reliance on the cases of Wash-O-Matic Laundry Co. v. 621 Lefferts Avenue Corp., 191 Misc. 884, 82 N.Y.S.2d 572 (Sup.Ct. 1948) and Kaypar Corp. v. Fosterport Realty Corp., 1 Misc.2d 469, 69 N.Y.S.2d 313 (Sup. Ct. 1947). The trial court further found that since the agreement was a license and not a lease it could be terminated at the will of either party.
We have reviewed the record, including the documentary exhibits admitted into evidence, the brief filed by appellant and oral argument of counsel for appellant. For reasons known only to appellee we were not favored with either his brief or the benefit of oral argument of counsel.
We have read the cases which were relied upon by the trial court in reaching its decision and believe they are distinguishable from the case before us. In Wash-O-Matic and Kaypar the court held the agreements to be licenses because the sole purpose of the agreements was to supply equipment and did not grant a right of exclusive possession to the premises where the equipment was placed. As argued by appellant, the facts in this case more neatly *929 fit the factual situation found in Polner v. Arling Realty, Inc., 194 Misc. 598, 88 N.Y.S.2d 348 (Sup.Ct. 1949). In Polner and the case before us periodic rent was to be paid on the premises, the agreement was for a definite term of years, and the agreement was referred to as a lease. In addition, in the instant case appellant had exclusive possession of a particularly described area in the apartment complex, and the parties to the agreement clearly intended to enter into a lease. The evidence shows that appellee purchased the apartment complex with actual knowledge of the existence of the agreement that had been entered into between appellant and appellee's predecessor in title and, more significantly, appellee thereafter accepted rental payments from appellant under the payment provisions of the lease.
The case is remanded for a new trial on all issues framed by the pleadings.[1]
REVERSED and REMANDED for further proceedings consistent with this opinion.
SCHEB and RYDER, JJ., concur.
NOTES
[1] Although the lease does not comply with § 689.01, Fla. Stat. (1975) for lack of one witness to the five-year agreement, appellee is estopped by his conduct in accepting rental payments to assert this as a defense. Gill v. Livingston, 158 Fla. 577, 29 So.2d 631 (1947).