[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This case comes to this Court on the defendant's motion to strike the first count of the plaintiffs' complaint.
Plaintiffs William Arsenault and Carol Arsenault allege in the first count of their complaint, filed on October 31, 1990, that defendant Crossen Builders, Inc. entered into a contract with plaintiffs on or about June 18, 1987 to build a home which plaintiffs would purchase for $170,000. Plaintiffs further allege that they bought the house on November 2, 1987, but that the defendant breached this contract in that the water supply system it delivered to plaintiffs did not conform to the contract and was inadequate.
Plaintiffs allege in their second, third and fourth counts that substantially the same facts also give rise to CT Page 4571 breach of statutory express and implied warranties, false representation and Connecticut Unfair Trade Practices Act (CUTPA) claims. Plaintiffs seek money damages. The contract is attached to the complaint as Exhibit 1.
Defendant filed a motion to strike the first count of plaintiffs' complaint on January 4, 1991 on the grounds that there being no survival language in the document the contract has merged with the warranty deed and that therefore plaintiffs cannot maintain a breach of contract action.
As required by Connecticut Practice Book Section 155, defendant has filed a memorandum in support of its motion to strike, and plaintiff has timely filed a memorandum in opposition to the motion.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Perryman v. Groton, 212 Conn. 138,142 (1989). In ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff, Rowe v. Godou, 209 Conn. 273,278 (1988); and may properly consider only those grounds specified in the motion. Blancato v. Feldspar Corporation,203 Conn. 34, 44 (1987).
In support of its motion to strike, defendant cites two Connecticut cases. Both are distinguishable on their facts and are not controlling on the issue presented by this motion to strike. Knight v. Breckheimer, 3 Conn. App. 487 (1985), involved the issue of the adequacy of a septic system of an existing structure. There, the agreement specifically provided that the provisions of the paragraph regarding the adequacy of the septic system would not survive the delivery of the deed. Koehn v. Kuhn, 41 Conn. Sup. 130 (1987), involved the issue of collateral debts and whether they are covered under the merger doctrine.
There are two Superior Court cases which support the plaintiffs' claim that elements of the contract collateral to the obligation to convey do not merge in the deed. Denman v. Mamoulakis, 3 CSCR 440 (April 21, 1988, Pickett, J.) (breach of contract); Poole v. Bargas, 4 CSCR 332 (March 6, 1989, Kulawiz, J.) (breach of construction contract). These cases are consistent with the law in other states. The Supreme Court of Oklahoma, in Griffin v. Bredouw, 420 P.2d 546 (1966), quoted with approval the case of Stiles v. Bodkin, 111 P.2d 675
(Cal.App. 1941), which held that commitments made in a contract to sell real estate to construct improvements thereon are not merged in the deed of conveyance, and that commitments made in the contract may be asserted against the seller. CT Page 4572 Griffin, 420 P.2d at 548.
Other states have held that the issue of whether covenants contained in a contract merge in the deed is a question of fact depending on the intention of the parties. Tyler Realties, Inc. v. Roper, 183 N.Y.S.2d 888 (1959); Jensen v. Miller, 570 P.2d 375, 378 (S. Or. 1977); see also Campbell v. Rawls, 381 So.2d 744, 746 (Fla.Dist.Ct.App. 1980).
Whether this Court finds that the construction portion of the contract has remained independent of the deed, or in the alternative, that its independence is a question of fact, in either case, the defendant's motion to strike must be and is hereby denied.
LEUBA, J.