[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
This matter is before the court on plaintiff's application for a prejudgment remedy. In the complaint accompanying its application plaintiff alleges in the first count that defendant breached a lease for the rental of two parking areas owned by plaintiff and used by customers of defendants' restaurant. In the second count plaintiff alleges that defendant has been unjustly enriched by his use of the parking lots.
The facts giving rise to the application are not seriously disputed by the parties. Plaintiff Tariffville Center Corporation is the owner of property located at 32-34 Main Street in Tariffville. The property consists of a three story building and two parking areas. The first lot abuts both plaintiff's and defendant's property; the other is across the street from both properties. On the first floor of plaintiff's building is a pizza restaurant and liquor store. Above are three apartments.
Defendants are the owners of the Cracker Barrel Pub which is located at 30 Main Street in Tariffville. Their property is next to plaintiff's property. In 1987 the CT Page 9116 parties entered into an oral agreement requiring defendants to pay five hundred dollars per month for use of the plaintiff's lots for parking by defendants' customers. The lots, however, were not for the exclusive use of defendants' patrons as plaintiff's tenants and their customers also had use of the lots in accordance with their rental agreements with plaintiff. No particular sections or spaces of the parking lots were specifically designated for use by defendants' customers.
From April to October 1991, defendants did not pay the monthly five hundred dollar monthly fee for use of the parking areas. The parties dispute whether the monthly fee was paid in September and November, 1991, but agree that no money has been paid since January 1992 when defendants terminated the agreement. Defendants claim that the monthly payments were withheld, in part, because they were constructively evicted from one of the lots by virtue of the plaintiff allowing construction equipment and materials to be stored in the lot. In January 1992, defendants informed plaintiff of their intention to terminate the agreement. While plaintiff believes that defendants' customers continue to use the lots no evidence was presented suggesting that if in fact that is true that defendants directed, encouraged or suggested to their customers that they park in plaintiff's property. In fact, defendant posted signs directing their customers not to park on plaintiff's property.
 II.
Pursuant to General Statutes Sec. 52-278(d) a prejudgment remedy cannot be granted unless there is "probable cause to sustain the validity of the plaintiff's claim." In this context probable cause "constitutes a bona fide belief in the existence of fact essential under law for the action and such as would warrant men of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." One Fawcett Place Limited Partnership v. Dimandis Communications, Inc.,24 Conn. App. 524 (1991) (cites omitted). In making this evaluation the court must "evaluate the arguments and evidence produced by both parties, since a good defense CT Page 9117 will be sufficient to show there is no probable cause that judgment will be rendered in favor of plaintiff." Augeri v. C. F. Wooding Co., 173 Conn. 426 (1977).
The principal and dispositive issue in this matter is whether the oral agreement between the parties is a lease or a license. If it is a license plaintiff cannot prevail in its application since plaintiff's theory of recovery is predicated on its assertion that there is probable cause to conclude that defendants have breached an oral lease for rental of the parking areas.
"A license in real property is defined as a personal, revocable and unassignable privilege, created either by writing or parol, to do one or more acts on land, without possessing any interest therein." 25 Am.Jur.2d, Easements and Licenses, Sec. 123. "A lease is more than a mere license; it is a contract for the possession and profits of lands on the one side, and a recompense of rent or other income on the other. Its distinguishing characteristic is the surrender of possession by the landlord to the tenant so that he may occupy the and or tenement leased to the exclusion of the landlord himself." Jo-Mark Sand Gravel Co. v. Pantanella,139 Conn. 598 (1953). In determining whether an agreement is a license or a lease, consideration will be given to the intent of the parties as well as the language of the agreement. 49 Am.Jur.2d Landlord Tenant Sec. 5. "If it is in fact a license it may not be construed as a lease notwithstanding it is called a "lease" by the parties thereto." Wash-O-Matic Laundry Co. v. 621 Lefferts Ave. Corp. 82 N.Y.S.2d 572 (1948).
Based on the evidence presented the court concludes that the argument between the parties created a license and not a lease. The oral agreement did not specify that defendants' customers were to park in designated, defined spaces or were limited to a certain part of the lots. Nor was any evidence presented indicating that any such designated parking was established during the period of the agreement. The lot itself did not identify through markings, signs or otherwise that defendants' customers were required to park in a specified space or area. Additionally, the lots were also used by plaintiff's residential and commercial tenants and their customers. CT Page 9118 Under these circumstances the agreement between the parties did not give exclusive control of the lots to defendants and therefore fails to meet the distinguishing characteristics of a lease. Id. See, also, Bodden v. Carbonell, 354 So.2d 927 (1978) and Bewigged by Suzzi, Inc. v. Atlantic Dept. Stores, 359 N.E.2d 721 (1976). Because the agreement of the parties constituted a license and not a lease there is not probable cause to believe that plaintiff will prevail on count one of its complaint.
In count two of its complaint plaintiff alleges that defendants were unjustly enriched by their use of the parking lots. "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. In order for the plaintiff to recover under the doctrine, it must be shown that the defendants were benefitted [benefited], that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff." A C Corporation v. Pernaselci, 2 Conn. App. 264 (1984). The evidence, viewed in the light most favorable to plaintiff, suggests that after the license was terminated in January, 1992, some of defendants' customers may have continued to park in plaintiff's lots. The evidence as to this, however, was questionable as it consisted of some occasional observations of the lots on various evenings by plaintiff's president. Even if true, however, that those unauthorized cars in the lots were owned by defendants' patrons, the evidence indicates that defendants took reasonable steps to insure their customers were notified that parking was not permitted in defendants' lots. Under these circumstances plaintiff has not demonstrated probable cause that it will prevail on count two of its complaint.
For the foregoing reason plaintiff's application for a prejudgment remedy is denied.
SO ORDERED.
Robert L. Holzberg, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9128